FOLLETT, J.   A mortgagor owning the fee of the land covered by a usurious mortgage may maintain an equitable action to have the mortgage surrendered and the record thereof canceled as a cloud upon his title.   Morse v. Hovey, 9 Paige, 197; Hartshorn v. Davenport, 2 Barb. Ch. 77; Williams v. Ayrault, 31 Barb. 364; Williams v. Fitzhugh, 44 Barb. 321, affirmed 37 N. Y. 444; 5 Trans. App. 61; Tyler, Usury, 435 et seq.   The cases of which Minturn v. Trust Co., 3 N. Y. 498, Allerton v. Belden, 49 N. Y. 373, and Town of Venice v. Woodruff, 62 N. Y. 462, are types, are not in point.   These cases simply hold that the maker of a promissory note or of a bond is not entitled to maintain an action to cancel the obligation, without alleging some special circumstance, because his defense to an action on the note or the bond is an adequate remedy.   In case an action is brought to foreclose a recorded mortgage against the mortgagor, who is the owner of the land mortgaged, he may set up as a counterclaim that the mortgage is void for usury, and is a cloud on his title, and ask that it be canceled.   Society v. Cuyler, 12 Hun, 247, affirmed 75 N. Y. 511.

In the case at bar, usury, as a defense or as a ground for affirmative relief, is not well pleaded.   The allegation that the mortgagor received but $2,200 on the mortgage of $2,800 is not sufficient to present an issue that the mortgage is usurious.   Booth v. Swezey, 8 N. Y. 276.   The answer contains no information why or for what consideration the sum of $600 was reserved.   The allegation that the sum of $28 was reserved on the false statement that it was charged as a commission for procuring the loan does not amount to an allegation that the mortgage was usurious.   Morton v. Thurber, 85 N. Y. 550; Guggenheimer v. Griszler, 81 N. Y. 293.   It is not alleged in the answer that the mortgagee retained the sums mentioned for the purpose or with the intent of exacting more than the legal rate of interest for the loan, or that the mortgagor permitted the mortgagee to retain those sums for the purpose or with the intent of paying more than the legal rate of interest for the loan.   When usury is pleaded as a cause of action, as a counterclaim, or as a defense, it must be set out with such certainty and precision that it appears on the face of the pleading that an usurious contract has been entered into.   Bank v. Lewis, 75 N. Y. 516; 27 Am. & Eng. Enc. Law, 1040; Boone, Code Pl. § 67, and cases cited.

The judgment should be reversed, and a new trial granted, with costs to abide the event.   All concur.

---

(22 Misc. Rep. 8.)

SWOBODA v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term.   December 11, 1897.)

APPEAL—REVIEW—EXCESSIVE DAMAGES.
    In an action to recover damages resulting from negligence, the amount of damages is particularly within the province of the jury; and unless they are so outrageous as to strike every one with the injustice of them, and so as to induce the court to believe that the jury must have acted through passion, prejudice, partiality, or corruption, the court, on appeal, will not interfere.

Appeal from special term.

Action by Anton Swoboda against the Metropolitan Street Railway Company. From a judgment, and an order denying a new trial, defendant appeals. Affirmed.

Argued before CONLAN and O'DWYER, JJ.

Henry A. Robinson, for appellant.

M. P. O'Connor, for respondent.

CONLAN, J. Appeal from a judgment, and also from an order denying a motion for a new trial. The action is for negligence in the management of one of the defendant's horse cars when the plaintiff was attempting to board it for the purpose of taking passage thereon. It is conceded by the appellant that there are no questions of fact before this court, except that of excessive damages, and, in the brief of its counsel, the following appears:

"It is unnecessary to refer to the particular facts of the action, as, without doubt, the case upon the facts was one for the jury to pass upon."

Nor was there any exception to the charge by which the case was submitted to the consideration of the jury. In the course of the charge, the trial judge said:

"The plaintiff's contention is that he was deprived of his earning power for five months, and that he suffered a severe shock and severe pain. You will determine whether or not such was the case, and ascertain what should be the amount of the verdict."

It is the appellant's contention that the award of the jury was excessive, but just in what precise particulars we are unable to see. It was said in McIntyre v. Giblin, 25 U. S. (Lawy. Co-op. Ed.) 572, that the jury had a right to award fair compensation for the physical and mental suffering caused by the injury. The amount of damages is particularly within the province of the jury, and unless they are so outrageous as to strike every one with the enormity and injustice of them, and so as to induce the court to believe that the jury must have acted through prejudice, partiality, or corruption, the court on appeal will not interfere. Coleman v. Southwick, 9 Johns. 51, 52. And in Minick v. City of Troy, 19 Hun, 253, the court, following the views of Mr. Chief Justice Kent in the case last cited above, said:

"But this question of damages is for the jury, and their determination of it must be accepted as final, in the absence of a fair inference of improper influence. It is the prerogative of the jury to pass upon this subject, and their conclusion cannot be disturbed by the court upon appeal, unless it can be made to appear quite manifestly that the result was reached through passion, partiality, prejudice, or corruption." Bierbauer v. Railroad Co., 15 Hun, 564; Peck v. Railroad Co., 8 Hun, 286.

We are unwilling to say that, under all the circumstances, a verdict of $2,000 is excessive; and, as there are no other questions of fact for review presented by the record, the judgment must be affirmed.

Judgment affirmed, with costs.

O'DWYER, J., concurs.