Section 738 of the Code of Civil Procedure provides:

"The defendant may, before the trial, serve upon the plaintiff's attorney a written offer to allow judgment to be taken against him for a sum or property, or to the effect therein specified, with costs. * * * If the plaintiff within ten days thereafter serves upon the defendant's attorney a written notice that he accepts the offer, he may file the summons, complaint and offer with proof of acceptance, and thereupon the clerk must enter judgment accordingly."

The offer is to be construed as an offer in the action, at the time it was served, in its then condition. Section 738 grants plaintiff 10 days' time of acceptance of offer. When plaintiff accepts the offer, it, in legal effect, relates back to the time of the service of the offer. Plaintiff, pursuant to above section, may then file the summons, complaint, and offer, and proof of acceptance, and thereupon the clerk must enter judgment accordingly; and the defendant's answer, although timely interposed, after the service of the offer of judgment, but before the acceptance thereof, becomes a nullity. Defendant had a right to interpose his answer herein when he did do so, but in law it was only provisional. If the plaintiff did not accept the offer, then the answer stood as valid pleading in the action, and the issues raised thereby proceeded to trial; but, if the plaintiff did accept the offer, then the answer became a nullity in this action. Tompkins v. Ives, 36 N. Y. 75; Kautz v. Vandenburgh, 77 Hun, 591, 28 N. Y. Supp. 1046. In all the precedents cited by the attorneys in their respective briefs, the fact was that the offer was not accepted. No case is cited where the offer was accepted, as in this action.

Order appealed from is reversed, with $10 costs and disbursements, and motion to vacate judgment entered herein on February 16, 1899, etc., is denied, with $10 costs. The judgment vacated is reinstated, and the order to clerk to cancel the record of the judgment is vacated, and any judgment on defendant's counterclaim is vacated. All concur.

---

POLAK v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term.   June 29, 1899.)

1. APPEAL—REVIEW—EXCESSIVE DAMAGES.
    Unless it is manifest that the verdict in an action for personal injuries was the result of passion, prejudice, or corruption, it will not be disturbed as excessive.
2. SAME—ERROR CURED.
    In an action for personal injuries, the defendant moved to strike out the value of the doctor's services. The court denied the motion, saying, "I will deny the motion, but she [plaintiff] cannot recover for it here," but charges that there was no evidence of payment to physicians sufficient to warrant recovery for medical services, and that the doctor's bill was eliminated from the case, were given at the close of the case. *Held* that, if there was error in denying the motion, it was cured by the subsequent charges.

Appeal from trial term.

Action by Ida Polak against the Metropolitan Street-Railway Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before CONLAN, SCHUCHMAN, and HASCALL, JJ.

Henry A. Robinson, for appellant.
Otto Horwitz, for respondent.

SCHUCHMAN, J. This action was brought to recover damages for personal injuries sustained by plaintiff, while a passenger on one of defendant's cars, through the defendant's carelessness and negligence. The defense is a general denial of the plaintiff's cause of action. The defense on the trial offered no evidence whatever, called no witnesses, and made no motion to dismiss, but went to the jury purely on the question as to the amount of damages which the plaintiff might be entitled to recover. The jury rendered a verdict of $1,750. This verdict defendant claims to be excessive. We do not agree with its contention, considering the evidence in relation to plaintiff's injuries, so well recapitulated in respondent's points. In cases of this class the question of the measure of damages is the prerogative of the jury to pass upon, and the court, on appeal, has no right to disturb their conclusion, unless it is in some way made to appear quite manifestly that the result was reached through passion, prejudice, or corruption. Swoboda v. Railway Co., 22 Misc. Rep. 8, 48 N. Y. Supp. 612.

Error is claimed by defendant to have been committed by the trial justice in the denial of a "motion to strike out the value of the doctor's services, on the ground that it is not recoverable in this action, as it appears that the father of this young lady stands by her still, in loco parentis, and the medical service is something that he can recover for." The young lady was over 21 years of age at the time of the accident, and was 24 years of age at the time of the trial, and was always living with her parents. The doctor had testified that his services were worth $250, that he treated the family, and that those services were billed to the father separately, who paid on and off; that he had not yet been paid that amount; and that he believed he was paid nearly all. The court, in denying the motion, said, "I will deny the motion, but she cannot recover for it here." At the close of the case we find that defendant's counsel moved as follows:

"I will ask your honor to charge the jury that in this case there is no evidence of payments to physicians sufficient for them to give any recovery for medical service. The Court: I will so charge. And again: Defendant's counsel: I will also ask your honor to charge that the doctor's bills are eliminated from this case. The Court: I will so charge the jury."

If an error was committed in the denial of said motion, it was surely cured by these subsequent charges. Besides, there is no evidence in the case from which it can be concluded that the plaintiff could not recover for the medical services rendered to her by the doctor.

Judgment and order appealed from affirmed, with costs. All concur.