## BRAUN v. WEBB.

(City Court of New York, General Term.　March 2, 1900.)

1. APPEAL—REVIEW OF INSTRUCTIONS—NECESSITY OF EXCEPTIONS.
　　An instruction to which no exceptions were taken cannot be reviewed.
2. SAME—FINDINGS OF FACT.
　　The appellate court will not interfere with a verdict assessing damages unless the amount allowed is so excessive as to raise a presumption of prejudice.

Appeal from trial term.
Action by Marcus Braun against W. Seward Webb, as president of the Wagner Palace-Car Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before CONLAN and O'DWYER, JJ.

Saunders, Webb & Worcester, for appellant.

Morris K. Cukor, for respondent.

CONLAN, J. This is an appeal from a judgment entered upon the verdict of a jury, and from an order denying a motion for a new trial. The plaintiff had purchased a ticket for a passage from Cleveland to Weehawken in one of the sleeping cars of the defendant. Upon entering the train at the former place he exhibited his ticket for lower berth No. 10 on the car Orazaba, and was placed by the conductor in charge of the defendant's porter, who conducted him to the precise berth assigned to him by his ticket. It is the defendant's contention that there had been a prior sale of this precise berth to another party, and the plaintiff was thus prevented from occupying the same, and was, as he alleges, ejected from the car, and compelled, as a consequence, to ride the entire distance, and all night, in the ordinary day coach. The plaintiff testified that he had been on the road for several days and nights, riding constantly, and was fatigued, and required this special provision for rest. The whole case is quite free from exception, and the defendant appears to have been entirely satisfied with the charge of the trial justice, as no exception was taken thereto. The main objection of the defendant is that the damages are excessive. The language of the court, in its charge to the jury upon this point of the case, is, in part, as follows:

"I charge you that the plaintiff in this case is at least entitled to a verdict for nominal damages as against the defendant, and that the question for you to determine is whether he is entitled to more than nominal damages. It is for you, therefore, to say what damages the plaintiff is entitled to beyond nominal damages, if any."

To this charge, as we have said, no exception was taken, and it is beyond our power to interfere to correct or change what was to the defendant upon the trial a satisfactory submission of the question to the jury. This court has said, in a former adjudication:

"The amount of damages is particularly within the province of the jury, and unless they are so outrageous as to strike every one with the enormity and injustice of them, and so as to induce the court to believe that the jury must have acted through prejudice, partiality, or corruption, the court on appeal will not interfere. Swoboda v. Railroad Co., 22 Misc. Rep. 9, 48 N. Y. Supp. 612.

We are unable to find any such element in the case at bar, and we are unable to find in the record before us, or the brief of counsel, any reason for disturbing the conclusions reached by the jury.

The judgment and order appealed from must be affirmed, with costs. O'DWYER, J., concurs.