## UNITED STATES v. SUCCESSION OF BAILEY.

### No. 852.

District Court, W. D. Louisiana, Shreveport Division.

Nov. 17, 1943.

M. E. Lafargue, U. S. Atty., and A. E. Bryson, Asst. U. S. Atty., both of Shreveport, La., for plaintiff.

J. B. Crow, of Shreveport, La., curator ad hoc, for defendant.

DAWKINS, District Judge.

This is a personal action upon four promissory notes "payable to the Farm Credit Administration in the amounts of $325, $150, $100 and $150 * * *" respectively. It is alleged with respect to the debtor as follows: "That the said Curtis A. Bailey, since making the above mentioned notes, has departed this life; therefore, it is necessary to have a curator ad hoc appointed to represent his succession."

The prayer asked the appointment of "a curator ad hoc * * * to represent the succession" of the deceased and for judgment on the notes. The curator ad hoc, thus appointed, filed what he terms a "demurrer and exception", alleging that (1) the bill "does not disclose and (any) legal cause of action", and (2) that the allegations of the petition "are not adequate or sufficient to enable the court to render a legal judgment thereon."

The matter was submitted upon briefs to be filed, and counsel for the Government, in what is termed "complainant's brief", simply recites that because the curator ad hoc has not filed a brief "we do not know the defendant's reasons for this position" and "we have been waiting for him to file the brief so that we would have something to answer".

The Court has therefore been forced to make its own exmination of the law. The State Code of Practice, Art. 26, provides: "A personal action lies against him who has bound himself towards another, personally and independently of the property which he possesses."

Article 27 recites: "Such action can only be brought against the debtor or the obligor, or the person who directly represents him, such as universal heirs by a universal title."

We also quote the following (Article 120):

"Bringing or continuing actions against. —If one against whom there was a cause of action die, leaving one heir only, the suit shall be carried on against such heir as it would have been against the deceased.

"If the suit had already been brought against the deceased, and he had not answered, it shall not be interrupted, but shall be continued against the heir by a mere citation or notice, served on him to that effect, within the delay for original citations, according as the distance may be from his domicile to the court where the action has been brought. If on the contrary, the deceased have two or more heirs, the plaintiff may proceed personally against each of them for the share of which he inherits, if that share be sufficiently known and ascertained by an inventory or partition; otherwise they can only be sued, each for a virile portion, that is to say, for an equal part of the debt, dividing it in as many parts as there are heirs.

"If the suit had been already commenced against the deceased, it shall be continued against his several heirs by citing each of them separately as if there was only one, but judgment can only be given personally against each for his hereditary share, or virile portion, as above provided."

Revised Civil Code, Article 1113: "When any one dies leaving a vacant succession, or heirs absent from and not represented in the State, all actions, which could have been brought against the deceased, must be commenced or cumulated, and prosecuted before the judge of the

**418**

place where the succession is opened, and brought against the curator appointed by the judge, as is hereinafter prescribed."

With respect to absentees Article 56 of of the Code provides: "If a suit be instituted against an absentee who has no known agent in the State, or for the administration of whose property no curator has been appointed, the judge, before whom the suit is pending, shall appoint a curator ad hoc to defend the absentee in the suit."

In the present case no question of an absentee is involved, because the petition itself alleges that Bailey, whose succession is attempted to be sued in this personal action through a curator ad hoc, was "late a resident of Claiborne Parish, Louisiana", hence, the Court is confronted solely with the proposition as to the right of the plaintiff to maintain his action against the succession through a curator ad hoc, which, for anything that is alleged to the contrary, has not been opened, and as to which there may or may not have been surviving heirs. Tell v. Senac et al., 122 La. 1040, 48 So. 448, involved a partition proceeding, which the Court subsequently pointed out was one in rem. One of the defendants, an absentee, was dead when the suit was filed and it was held, with Justice Land dissenting, that the judgment of partition, which was then under attack, in subsequent proceedings was valid. However, in all other instances, where, as here, the action was purely in personam, it has been held by the courts of Louisiana that a suit against a succession can be maintained only by following the above quoted provisions of the Civil Code and Code of Practice; or in the case of a vacant succession by having the proper court of probate appoint a curator, who must qualify according to law. See McMicken v. Smith, 5 Mart., N.S., La., 427; Montgomery v. Sawyer, 100 U.S. 571, 25 L.Ed. 692; Foundation Finance Co. v. McGruder, La.App., 145 So. 387; and Gager v. Teche Transfer Co., La. App., 143 So. 62.

In the present case the plaintiff, not having sued the heirs of Bailey for their virile shares of the debt or invoked the appointment of a curator as for a vacant succession according to Article 1113 of the Civil Code, has not properly brought the estate into this court.

The bill will therefore be dismissed.

Proper decree should be presented.