IN RE ESTATE OF WILLIAM H. KITE.

A. R. WHITMER, Administrator, Appellee, v. E. H. HOYT, Treasurer of State, Appellant.

**TAXATION:** Collateral Inheritance Act—Estates of Absentees. The estate of an *absentee* is not liable to a succession tax.

**ABSENTEES:** Administration—Adjudication. In proceedings for the appointment of an administrator for the estate of an *absentee,* the fact of death of said absentee is not in issue, and a finding thereof by the court is not an adjudication.

**TAXATION:** Liability of Persons and Property—Nonimplication of Tax. No class of property will be brought within the scope of a tax by mere *implication,* in view of the constitutional provision (Art. 7, Sec. 7) that statutes imposing taxes must *distinctly* state the tax.

*Appeal from Cedar District Court.*—JOHN T. MOFFIT, Judge.

APRIL 8, 1922.

Rehearing Denied September 23, 1922.

APPLICATION to subject the property of an absentee to the payment of a collateral inheritance tax. Application denied. The state treasurer appeals.—*Affirmed.*

*Ben J. Gibson,* Attorney General, *B. J. Powers,* Assistant Attorney General, and *Arthur Lund,* County Attorney, for appellant.

*G. Allbee* and *Locke & Lampman,* for appellee.

FAVILLE, J.—The facts of the case are submitted on a stipulation and the pleadings, from which it appears that one William H. Kite was a resident of Cedar County. He was about twenty-five years of age, and had never been married. He resided with his widowed mother, and was joint owner with her of certain real estate in said county. On the 20th day of February, 1902, he left his home and went to Cedar Rapids, Iowa, on a business trip, with the declared purpose of returning to his home the next day. He disappeared at said time, and no friend or relative has heard anything from him or his whereabouts since said date, as far as is known. Thereafter, the mother of the said absentee married one Weaver, and removed to Primghar, O'Brien County, where she subsequently died, on or about August 12, 1918, leaving surviving her, as her sole heirs at law, three daughters, who are sisters of the said absentee, and three granddaughters, who are nieces of the said absentee.

1. TAXATION: Collateral Inheritance Act: estates of absentees.

On or about the 28th day of July, 1919, one of the said collateral heirs filed an application in the district court of Cedar County, Iowa, for the appointment of an administrator of the estate of the said absentee. Due notice was given, as provided by statute, and on October 7, 1919, an order was entered appointing one Whitmer as administrator of the estate of the said absentee, and said administrator qualified as provided by law, and filed his report. Thereafter, the said administrator filed in said proceedings a petition for an order declaring that the estate of the said absentee was not subject to a collateral inheri-

tance tax. To this application the treasurer of state filed an answer, claiming that the said estate was subject to a collateral inheritance tax, upon the foregoing state of facts. No claim was made in said answer that said Kite was in fact dead, and it was sought to hold his estate liable for the collateral inheritance tax solely upon the ground that he was an absentee. Upon hearing, the court entered an order denying the claim of the state, and adjudging that the property of the said absentee was not subject to a collateral inheritance tax.

I. The question for our determination upon this record is whether or not the estate of one adjudged to be an absentee, under the provisions of the statutes of this state, is subject to a collateral inheritance tax.

The provisions of the statutes in respect to the estates of absentees are found in Sections 3307, 3307-a, and 3307-b of the 1913 Supplement to the Code. Said sections are as follows:

"Section 3307. When a resident of this state owning property therein, or any person who may have been a resident of this state, has acquired or may hereafter acquire property or property rights within the state, absents himself from his usual place of residence and conceals his whereabouts from his family without known cause for a period of seven years or any such person who has gone to parts unknown for a period of ten years, a petition may be filed in the district court of any county where such property or a part thereof is situated, setting forth such facts, by any person entitled to administer upon such absentee's estate if he was known to be dead, and setting forth the names of the persons who would be the legal heirs of the absentee if he were dead, so far as known, and praying for the issuance of letters of administration upon such estate; thereupon, said court shall prescribe a notice addressed to such absentee and heirs named, and order the same to be published in a newspaper published in said county to be designated by the court, once each week for eight consecutive weeks, and which shall be served personally upon all the heirs residing within the state in the manner, and for the length of time as is required for the service of original notices, proof of the publication and service of which in manner and for the time ordered shall, at the expiration of said period be filed with said petition, and thereupon if such

absentee fails to appear, the court shall hear the proof presented, and if satisfied of the truth of the facts set forth in the petition concerning the absentee, shall order letters of administration upon the estate of such absentee to issue as though he were known to be dead. The court shall also hear proof and determine who the legal heirs of such absentee are and their respective interests in such estate.''

''Section 3307-a. The person to whom the administration is granted shall proceed to administer and dispose of the estate in the same manner that administrators are required to dispose of and administer the estates of decedents. In addition thereto, such administrator may, under the orders of the court, sell and dispose of all real estate and other property owned by such absentee, and after the payment of legal costs, expenses and claims, make distribution of the proceeds thereof to the persons entitled thereto. The provisions of law regarding application, notice and manner of sale of real estate for the payment of debts by administrators shall be followed so far as applicable.''

''Section 3307-b. Administration upon the estate of an absentee shall forever bar his or her right of homestead and statutory distributive share or interest in and to any real estate owned or held by the spouse of such absentee, or in which said spouse may have a legal or equitable interest, and a conveyance thereof by such spouse after one year from and after such administration has been granted, shall be free and clear of any claim or right of homestead or statutory distributive share on the part of such absentee.''

The collateral inheritance tax statute, Section 1481-a of the said 1913 Supplement to the Code, provides in part as follows:

''The estates of all deceased persons, whether they be inhabitants of this state or not, and whether such estate consists of real, personal or mixed property, tangible or intangible, and any interest in, or income from any such estate or property, which property is, at the death of the decedent owner, within this state or is subject to, or thereafter, for the purpose of distribution, is brought within this state and becomes subject to the jurisdiction of the courts of this state, or the property of any decedent, domiciled within this state at the time of the death of such decedent, even though the property of such decedent so

domiciled was situated outside of the state, * * * The tax aforesaid shall be for the use of the state, shall accrue at the death of the decedent owner, and shall be paid to the treasurer of state within eighteen months thereafter, except when otherwise provided in this act, and shall be and remain a legal charge against and a lien upon such estate, and any and all of the property thereof from the death of the decedent owner until paid.''

The statute providing for the granting of administration upon the estate of an absentee is a special statute, limited and confined to the specific purposes therein set forth. It is evident that the legislative purpose was to provide a method by which property of those who had disappeared and had not been heard from for a period of seven years without known cause, or who had gone to parts unknown for a period of ten years, might be disposed of.

Section 3307-a provides that, upon the granting of an administration on the estate of such absentee, it shall be administered and disposed of in the same manner that administrators are required to dispose of and administer the estates of decedents. It is apparent that this proceeding can be resorted to where the requisite facts exist in regard to the disappearance of the absentee, whether he in fact be dead or alive. In *New York L. Ins. Co. v. Chittenden*, 134 Iowa 613, we said:

''But, in the exercise of its jurisdiction over property within the state, it may be provided by the legislature that, after the absence of the owner unheard of for a specified period, such property may be administered upon in the same form of proceeding as is provided for administration upon the property of a person deceased, and such administration will be valid as against the absentee and all persons interested, although he is in fact not dead. *Cunnius v. Reading School District*, 198 U. S. 458 (25 Sup. Ct. 721, 49 L. Ed. 1125).''

In said case we also said:

''It seems to be conclusively settled by adjudications that a probate court acquires no jurisdiction by proceeding to administer on the estate of a person on the ground that he is dead, if in fact he is alive, and such proceedings are entirely invalid, and any judgments or orders made in pursuance thereof, and any action taken thereunder, are absolutely void as against the

person who is erroneously adjudged to be dead. Without citing the many authorities supporting this proposition, it is sufficient to say that any such proceeding, if sustained, would result in depriving the person erroneously adjudged to be dead of his property without due process of law. *Scott v. McNeal,* 154 U. S. 34 (14 Sup. Ct. 1108, 38 L. Ed. 896)."

It is to be noticed that the appointment of the administrator of the estate of an absentee is an altogether different proceeding from the appointment of an administrator of the estate of a decedent. In the instant case, the application was not for the appointment of a general administrator of the estate of William H. Kite as a decedent, but was brought squarely under the statute for the appointment of an administrator of the property of the said William H. Kite as an absentee. The distinction between the two methods of procedure is pointed out and recognized by us in *In re Estate of Barrett,* 167 Iowa 218. In the instant case, there was no claim whatever that the said William H. Kite was dead, but the necessary facts respecting his disappearance were alleged, and administration sought because thereof. The order of the court appointing the administrator recited, among other things, a finding that "said Wm. H. Kite died prior to March 20, 1909;" but the order clearly shows that it was made pursuant to the application, and was predicated wholly upon the fact of the disappearance of the said William H. Kite.

2. Absentees: administration: adjudication.

In *Haddock v. Meagher,* 180 Iowa 264, the order of appointment of an administrator of the estate of an absentee recited that the said absentee died on a certain date. We said:

"But the proceeding was *ex parte,* and whether William was dead was not in issue; and, therefore, neither the issue as to whether he was dead nor when he died was involved in the appointment of the administrator."

So, in the instant case, the recital in the order of the court that the "absentee died prior to March 20, 1909," is not an adjudication of the fact of death, and does not make the estate of the said William H. Kite "the estate of a decedent;" nor is it an adjudication that the said William H. Kite was "at said time deceased." It is no more than an adjudication of the

facts of the absence of the said William H. Kite under the conditions recognized by the statute as sufficient to justify the appointment of the administrator of his estate as an absentee.

Referring now to the question of the liability of said estate of such absentee for the collateral inheritance tax, we find that, as has been repeatedly announced by this court and other courts generally, said tax is a tax upon the succession. The question is as to what estates are subject to such tax. Turning to the statute, we have no difficulty in reaching a conclusion. By its very terms it is provided that the estates subject to the payment of a collateral inheritance tax are "the estates of all *deceased* persons." No provision whatever is made in the statute in respect to making any estates subject to such collateral inheritance tax except the estates of "deceased persons." The statute in question refers to the property subject to the tax "at the *death of the decedent.*" It is referred to as "the property of any *decedent.*" Time and again, throughout the statute, similar references are made, but always to a *"decedent."*

No provision whatever is made in the statute for a collateral inheritance tax upon any property except the property of a "decedent." If the legislature had intended to impose such a tax upon the estate of an "absentee," it would have been necessary to so provide by express terms. Our Constitution, Article 7, Section 7, provides:

3. TAXATION: liability of persons and property: nonimplication of tax.

"Every law which imposes, continues, or revives a tax, shall distinctly state the tax, and the object to which it is to be aplied; and it shall not be sufficient to refer to any other law to fix such tax or object."

Under this constitutional provision, a tax is not to be implied against a class of property or a class of persons not within the provisions of the statute imposing the tax. The legislature, in enacting the collateral inheritance tax, provided that it shall be a tax upon the succession to the estates of deceased persons. It is not made a tax upon any other estates, and we cannot extend it to include the estates of absentees, when the legislature has not seen fit to extend it to include such estates. The words "deceased person" and "decedent" have a well known and established meaning, and mean "one who is dead." Webster's

Dictionary; Century Dictionary. An absentee may be defined, generally, as one who is absent from his usual place of residence or domicile. 1 Corpus Juris 346, Section 1.

Absentees are "those of whom little or nothing may be known. They *may* be dead." *Tell v. Senac,* 122 La. 1040 (48 So. 448).

It is argued that the state officials and various district courts have construed the collateral inheritance tax statutes as applying to estates of absentees, as well as to estates of decedents, and that this has resulted in a "practical construction" of the statute which we should adopt. Something more than a rule of practice or a question of procedure is involved, however, here. It is a question of whether or not a liability is created by the statute which otherwise would not exist. We are not disposed to extend the doctrine of "practical construction" to create a liability in the instant case where none exists by virtue of the statute. The extension of the statute to embrace the estates of absentees is a matter for the consideration of the legislature, but not for indulgence in what is sometimes called "judicial legislation."

Since we hold, as we do, that the collateral inheritance tax statute has no application to the estates of those who are claimed to be only absentees, it is immaterial whether the property of the absentee in the instant case would be held to have passed to his mother or to his collateral heirs. In either event, it was not subject to the collateral inheritance tax.

It follows that the judgment of the district court in holding that the said property was not subject to the said collateral inheritance tax was correct, and it is, therefore,—*Affirmed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.