## No. 9903.

THEODORE WUNSTEL, TUTOR, ET AL. VS. JOSEPH AND CHRISTOPHER LANDRY ET AL.

An action by one heir against his co-heirs of a common ancestor, to declare the simulation of a transfer made by the ancestor to two of said heirs of immovable property, to bring said immovable into the succession of said ancestor, and for a decree of partition thereof amongst all the heirs, partakes of the nature of a proceeding *in rem* in such manner as to authorize the bringing in of a non-resident heir by appoiment of a service on a curator *ad hoc.*

APPEAL from the Twenty-third District Court, Parish of Iberville, Talbot, J.

*Alex. Hebert* and *Chas. P. Moore* for Plaintiffs and Appellants.

*David N. Barrow* and *Samuel Matthews* for Defendants and Appellees

The opinion of the Court was delivered by

FENNER, J.   This is an action brought by one heir against her co-heirs of common ancestors, praying the following relief, viz:

1.   To declare the simulation of a sale of certain immovable property made by the common ancestors to two of the heirs and to have said property decreed to belong to the successions of said ancestors.

2.   To have the two heirs, who were the alleged simulated vendees, pay into the mass of said successions the amount of the revenues collected by them during their possessions.

3.   For a decree of partition of the aforesaid property and funds amongst all the heirs.

One of the heirs, Christopher Stephen Orcutt, being a resident of the State of Illinois, a curator *ad hoc* was appointed to represent him, who filed a peremptory exception to the effect that said absentee could not validly be brought into court as a party to such an action by service on a curator *ad hoc.*

From a judgment sustaining the exception and dismissing the suit as to said absentee, the present appeal is taken.

We think there was error in this judgment.

The invalidity of substituted service through a curator *ad hoc* as a means of bringing an absentee into court when not attended by direct process against his property in the State, is restricted to merely personal actions, and does not extend to proceedings "partaking of the character of proceedings *in rem.*"

By this is meant, not a proceeding which is strictly and technically a proceeding *in rem*, but one partaking of that character.

The Supreme Court of the United States, in the leading case on this question, has drawn the distinction very clearly, thus: "It is true that, in a strict sense, a proceeding *in rem* is one taken directly against property, and has for its object the disposition of the property, without reference to the title of individual claimants; but in a larger and more general sense, the terms are applied to actions between parties, where the direct object is to reach and dispose of property owned by them, or of some interest therein. Such are cases instituted to partition real estate, foreclose a mortgage or enforce a lien. So far as they affect property in the State, they are substantially proceedings *in rem* in the broader sense which we have mentioned." Pennoyer vs. Neff, 95 U. S. 734 ; Ice Co. vs. Loughlin, 35 Ann. 1184.

In a more recent case we have held that a suit for dissolution of a sale of an immovable and for possession thereof partakes of the nature of a proceeding *in rem* in this sense, and that non-resident defendants may be cited through a curator *ad hoc*. McKenzie vs. Bacon, 38 Ann. 764.

It is very clear from our preliminary statement of the issues, that this case falls within the principles above stated. except possibly as to the demand for revenues, as to which we need express no opinion, because the absentee herein is not one of the heirs against whom the revenues are claimed, and has no interest therein except as a beneficiary.

It is therefore ordered, adjudged and decreed that the judgment appealed from sustaining the exception of the curator *ad hoc* be avoided and reversed; and it is now ordered and decreed that said exception be overruled, and that the case be remanded to be proceeded with according to law.