(35 South. 780.)

No. 14,628.

CITIZENS' BANK v. MARR et al.*

(Nov. 30, 1903.)

RIGHT OF ACTION—TAX TITLE—DIRECT ATTACK—POSSESSION.

1. If a person has a legal right, needing judicial enforcement or judicial protection, it is a general rule that he is entitled to a legal remedy. What the legal situation would call for on the trial of the case would depend upon its special features. It does not follow, because a suit does not fall technically under the definition of some special action, controlled as to its requirements by fixed rules of practice, that it should be dismissed. There are innominate actions, as there are innominate obligations.

2. A party asserting his ownership of real estate which he declares is illegally claimed by a named person under a tax title has the right contradictorily with him to attack judicially the tax title, and have its validity passed on, though neither of the parties has ever had actual possession of the property.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

*Rehearing denied January 18, 1904.

Action by the Citizens' Bank against Robert H. Marr and others. Judgment for defendants, and plaintiff appeals. Affirmed.

J. Zach Spearing, for appellant. William Winans Wall, for appellees.

Statement of the Case.

NICHOLLS, C. J. On the 4th of October, 1890, the Citizens' Bank, in the suit of the Citizens' Bank against Daniel Vaughan (No. 31,068 of the docket of the civil district court for the parish of Orleans), applied for and obtained a writ of seizure and sale of certain described property in the city of New Orleans in enforcement of an indebtedness of $17,727, with interest, alleged to be due it by the defendant Vaughan, and secured, as to payment, by special mortgage on the property named.

The sheriff of the parish of Orleans executed the writ in the manner directed by law; giving the proper notices, and recording the fact of seizure in the office of the recorder of mortgages in the city of New Orleans. The registry of the seizure has not been canceled. The sheriff advertised and offered the property for sale, and the plaintiff alleges that it was adjudicated to it.

On the 28th of October, 1891, the Citizens' Bank suggesting that the properties seized and advertised for sale, which it described, had been adjudicated; that there were inscribed against said property the taxes, tax privileges, and mortgages, as follows: of the state of Louisiana from 1880 to 1888, inclusive; of the city of New Orleans from 1878 to 1887, inclusive; that all of said inscriptions were recorded against Daniel Vaughan or Patrick Irwin, or others, as shown by certificates annexed; that said asserted taxes, tax privileges, and mortgages were extinguished by the acts of the Legislature (No. 96 of 1877, p. 142, § 36; No. 77 of 1880, p. 95, § 24; No. 98 of 1886, p. 145, § 34; and No. 26 of 1886, p. 37); said prescriptions being expressly pleaded against said asserted taxes, tax privileges, and mortgages, and against the prescriptions thereof; that said inscriptions should be erased and canceled, so that the sheriff might pass a clear title to the purchaser of the property— the court ordered that the city of New Orleans, the state tax collector of the Third

District of the city of New Orleans, and the recorder of mortgages show cause why said inscription of taxes, tax privileges, and mortgages should not be erased and canceled from the books of the recorder's office, so far as they affected said property, and omitted by the city of New Orleans and state tax collector in their certificates of taxes due on said property, saving to the city of New Orleans the personal liability of the party against whom said taxes were assessed. The parties named were notified, and, after hearing, the court rendered judgment as prayed for on November 16, 1891; making the rule absolute, and decreeing the erasure of the inscriptions of said taxes, tax privileges, and mortgages on said property. On the 31st of October, 1901, the Citizens' Bank filed a petition in the civil district court, in which, after reciting the fact that it had obtained an order for executory process in the proceedings entitled "Citizens' Bank v. Daniel Vaughan," above mentioned; that under said order a writ of execution had issued as prayed for; that in due course the civil sheriff had seized and taken into his possession the property ordered to be seized and sold, and had advertised and offered the same for sale; that at said offering it had been adjudicated to it (the bank)—it averred that the sheriff still held possession of the said property. It then averred that there were recorded in the conveyance office of the parish of Orleans certain pretended adjudications and transfers of said property to the state of Louisiana for the alleged taxes due to the state for the years 1880, 1881, 1882, and 1883; that on or about April 27, 1898, the State Auditor, pretending to act under and by virtue of the provisions of section 3 of Act 80, p. 89, of 1888, but really without any warrant or authority in law, illegally undertook to sell the said property to William W. Wall, as appeared by a pretended deed registered in the conveyance office in Book 170, folio 610, and the said Wall undertook to sell, and went through the form of selling, the same to Robert H. Marr, as appeared by a deed under private signature acknowledged before F. H. Mortimer, a commissioner of the United States, on March 3, 1900, registered in the conveyance office in Book 176, folio 217. It averred that each and every one of the adjudications to the state of Louisiana were absolutely null and void, and the pretended transfers made by the Auditor of the state to W. W. Wall, and by said Wall to Robert H. Marr, were without any validity, force, or effect, because, among other reasons, the pretended taxes claimed to have been due by and on the said property to the state of Louisiana for the years 1880, 1881, 1882, and 1883 were never legally due by or on said property, nor by the owner thereof, nor by the plaintiff (the bank), and because the claim and rights of the state, if the state ever had any by reason of said pretended taxes, were completely settled and satisfied by a judgment of the civil district court rendered on November 16, 1891, in the proceedings of the bank (the plaintiff) against said Vaughan, above referred to, pursuant to which judgment the illegal, null, and void taxes for said years, and the claims and rights of the state, or every nature and kind, were canceled and annulled; that, in addition to the reasons so alleged, the pretended adjudications to the state were absolutely null and void and of no effect, because the said property was not assessed in the name of the real owners thereof; that the descriptions of the said property were erroneous and defective, and not sufficient to identify or describe the property; that no notice of any of the pretended sales, or of the intention of the officers of the state to make the same, was ever given to any person or persons owning the same or having any interest therein; that there was no legal or proper advertisement of the notice of the tax collector of said pretended sales, or of his intention or purpose of making the same, and, if any advertisement was made, it did not run for the length of time, nor appear in the manner and form, required by law; that the recording of the said pretended illegal, null, and void adjudications and transfers prevented the civil sheriff from giving to it (the bank), the adjudicatee at the sale under executory process, a good, clear, and unincumbered title to the said property; that the said records acted as a cloud, and slandered the said title; that the same should be canceled, erased, and removed; that Robert H. Marr and Anthony Sambola, the register of conveyances for the parish of Orleans, were necessary parties to

the suit; that there should be judgment against them, and each of them, declaring the aforementioned pretended adjudications and transfers to be absolutely null and void and of no effect, and ordering the inscriptions thereof in the conveyance office to be canceled and erased from the records of the said office, and said parties prohibited from setting up any rights thereunder. In the view of the premises, plaintiff prayed for a citation upon said parties, and that after due proceedings there be judgment against them declaring the aforementioned pretended adjudications and transfers to be absolutely null and void and of no effect, and the said Marr to be without any right, title, or interest in and to said described property, or to any part thereof, and commanding the said register of conveyances to cancel and erase the inscription thereof from the records of said conveyance office, and enjoining him and his successors in office from reporting the said registration of said illegal adjudications and transfers on any certificate which might be issued from his office, and prohibiting Marr from setting up any rights, claims, or titles in or to said property, or any portion thereof. Plaintiffs prayed for all equitable and general relief.

The defendant Marr excepted, first, that plaintiff's petition disclosed no cause of action against him; second, in bar of plaintiff's action, he invoked the prescription of liberandi causa of three, five, and ten years.

The court sustained defendant's exceptions of no cause of action, and dismissed plaintiff's petition as in case of nonsuit, with full reservation of its right of action in any appropriate legal form.

On application of the plaintiff, this judgment was set aside, and a new trial granted, the judge declaring that he was convinced that he ought to hear the case on its merits; that, on consideration, he thought that the defendant and any warrantor might be called in, and any question that might arise on the settlement of title to land could be heard and determined, as the suit was by citation, the object of which was to settle conflicting questions of title.

The defendant Marr, under reservation of the exceptions he had before filed, excepted further.

He denied that the civil sheriff had the possession, either civil or corporeal, of the property described.

He averred that he and his author had had the corporeal possession of the property for more than three years prior to the filing of the suit, during which time it had been under fence and leased to various tenants, and he (defendant) then had such possession.

An application was made to refer these exceptions to the merits. The court granted this application, with leave to defendant to file further answer, should he choose so to do. No answer was filed, but it appears from a written statement filed herein, signed by counsel of both parties, that the exceptions were treated as an answer, and the case was tried on the exceptions as an answer. Defendant waived, as he had the right to do, the exception of no cause of action (Noble v. Flower, 36 La. Ann. 737), and that of prescription, as such, and to depend upon them on the merits. The court rendered judgment, after hearing, in favor of the defendant and against the plaintiff, dismissing the suit, but reserving his right to sue and to assert title, and to annul defendant's claim of title, in any appropriate form of action. It assigned no written reasons for its judgment. Plaintiff appealed.

### Opinion.

On the trial, plaintiff offered in evidence the record in the matter of the Citizens' Bank against the Succession of Daniel Vaughan (No. 31,068)—particularly the act of mortgage, and the note, the petition, the writ, service of the same, and all services made by the sheriff, and his return thereon; also a certificate from the recorder of mortgages showing recording of notice of seizure, and that it had not been canceled; also the rule against the city and state, and the judgment rendered thereon. The defendant objected to this evidence as being irrelevant to the issue; the issue before the court being purely one of possession, it being incumbent on the plaintiff to show possession in order to prosecute the action.

The objection was by the court referred to the merits. Plaintiff's counsel objected to the statement of fact or conclusion that the only question was one of possession, and dissented from such statement. He excepted to the ruling of the court, and took a note

in lieu of a formal bill. Plaintiff then offered in evidence certificates from the city and the state officers showing the cancellation of the taxes canceled by the rule referred to in the case of the Citizens' Bank against Daniel Vaughan. This evidence, objected to by defendant as being res inter alios acta, was received subject to effect. Defendant offered in evidence the record in No. 56,580 of the docket of the civil district court —especially the petition, order, and writ of possession, and sheriff's return. He and his author were placed on the stand as witnesses in their own behalf and testified that they had successively been in corporeal possession of the property from the date of the placing of defendant's author in possession as shown by his return.

Neither party offered in evidence the alleged adjudication of the property to the state, the deed of transfer from the State Auditor to Wm. W. Wall, or the act of transfer from Wall to the defendant Marr.

The record in the case of the Citizens' Bank against Daniel Vaughan shows the proceedings therein up to and inclusive of the rule against the state tax collector and the recorder of mortgages to erase and cancel the taxes, tax privileges, and mortgages, and the judgment of the court thereon, but stops short of the offering of the property at auction, and the adjudication of the same to the plaintiff. Defendant's pleadings show denial · by him of the allegations of plaintiff's petition.

The petition of W. W. Wall in the matter In re Wall, praying for possession, etc., recited that he had purchased from the State Auditor, acting pursuant to and by virtue of Act No. 80 for the year 1888, p. 88, and Act No. 126, p. 181, for the year 1896, by deed executed April 27, 1898, certain property, which he described in detail; that, pursuant to the provisions of said act of the General Assembly, he desired to be sent into possession of said property by a writ of possession and seizure issuing from the court.

Declaring that he annexed said deed to his petition (which was not the fact, so far as the present record shows), he prayed that a writ of seizure and possession issue, directed to the civil sheriff, commanding him to seize the described property, and place him in the actual possession of the same, pursuant to and

in accordance with the provisions of law, and more particularly section 5 of Act No. 80 of 1888, p. 90. He prayed further for all general and equitable relief.

The court thereupon ordered, on the 13th of May, 1898, that a writ of seizure and possession be issued as prayed for, directed to the civil sheriff, commanding him to seize the property, and to place petitioner in the actual possession thereof, pursuant to and in accordance with the provisions of section 5 of Act No. 80 of 1888, p. 90. A writ to the sheriff was accordingly issued to and received by the sheriff on the same day. On June 4, 1902, the sheriff made the following return to the court on the writ:

"Received Friday, May 13, 1898. After giving the notice to defendants and occupants herein, placed plaintiff in full possession of the within-described property, as will more fully appear by reference to the receipt of plaintiff herein, of date July 3, 1898, on reverse thereof. Writ returned to court satisfied June 4, 1902.

"Sheriff fees for the writ, $2.

"[Signed]　　　　　　Charles J. Jackson,
　　　　　　　　　　　　　　'D'y Sheriff.

"Received possession the within property on July 3, 1898.

"[Signed]　　　　　　Wm. Winans Wall."

We do not know on what theory this suit was dismissed. We should judge, from the terms of the judgment, that it was, in the opinion of the court, neither a petitory action, nor an action of jactitation, and that, unless the case was presented under the conditions required to enable it to be classed as either one or the other of the two actions, it could not stand at all, and, as presented, plaintiff should be sent out of court. If that was the ground of the court's action, we think it erred.

The plaintiff in this case alleged himself to be the adjudicatee at execution sale of certain described property; that defendant claims to be the owner of the same property under a certain illegal adjudication of that property, and at an illegal tax sale made by the state authorities, followed by an illegal conventional private sale made to him, or his vendor, by the State Auditor; that this defendant and his authors have placed this asserted claim of record, to plaintiff's injury and damage. Under these allegations he

makes a direct attack upon the legality of these acts and of this claim of ownership; asks that they be decreed absolutely null and void, and the claim neither just nor well founded; and asks, consequentially, that the records of the adjudications of these sales be erased. We think the owner of property has a legal right to bring such an action and to make such an attack, whether he himself be in the actual, corporeal possession of the property or not, and whether the party making such a claim of ownership adverse to his own under an alleged tax title be in the actual possession of the property or not. The legal question which has been mooted of late is not whether a party so situated has the right to bring such an action, but whether he be not under a legal obligation to bring it, and this within a given fixed time, and whether he has the right to postpone action until after the party making the claim under the tax sale shall have actually taken possession of the property claimed.

The pleadings of the plaintiff in this case were evidently not framed to meet the defense of the defendant based upon the simple fact itself of possession, without the assertion of specified title in support of this possession. If a person has a legal right, needing judicial enforcement or judicial protection, it is a general rule that he is entitled to be accorded a legal remedy. What the legal situation would call for as to the evidence to be adduced, the proof made, and by whom it should be made, would depend upon the features of the different cases. It does not follow, because a suit does not fall technically under some defined classification of actions, or some special action controlled as to its own requirements by fixed rules of practice, that therefore it should be necessarily dismissed. There may legally be innominate actions, not particularly provided for, just as well as there may be innominate contracts or obligations. In this particular case plaintiff's allegation that the property at the institution of the suit was in the possession of the sheriff under the seizure in the matter of the Citizens' Bank against Daniel Vaughan was negatived on the trial by the evidence adduced. It was shown by the return made by the sheriff in the matter In re Wm. W. Wall, asking for possession, that

he had surrendered to Wall such possession of the property as he then held. Wall may not have had the legal right to that particular writ under the purchase he had made, the sheriff may not have had the legal right to have made the surrender in the manner and form which he did, and under the circumstances and conditions then existing (the notices he states he gave may not have been given to the right persons), and the course pursued may not have resulted in a legal taking of possession by Wall; but, as a fact, there was such a surrender and a declared placing in possession of Wall of the property by the sheriff, which was followed by a return of the writ in his hands, and the immediate inclosure of the property by Wall in 1898. The testimony shows that it was at that time unoccupied, vacant property. Whether it had ever before then been occupied, and, if so, by whom, and for how long a time, does not appear.

The defendant's defense, so far as his own pleadings went, was based upon his alleged possession, and he himself was precluded from seeking to have the case dismissed. If the suit was not sustainable as a suit of slander of title, it had, so far as the defendant was concerned, and his own position in the case, sufficiently some of the features of a petitory action to authorize an adjudication between the parties of the issues raised, between them. Michel v. Stream, 48 La. Ann. 341, 19 South. 215, is no authority to the contrary. That case was not dismissed, but went to trial on the merits, and was decided finally. Plaintiff's allegation that the sheriff was in possession of the property at the time of the suit is an admission that he himself had not taken possession under the adjudication to himself, and this admission is fortified by the evidence showing the unimproved character of the property. When the case went to trial under the conditions it did, plaintiff failed to introduce the various acts which he had in his pleadings directly attacked, and which in fact was the title under which Wall claims ownership. The defendant could not, by limiting his defense to one resulting from simple possession, restrict plaintiff's own affirmatively stated grounds of attack upon him. Brigot v. Brigot, 49 La. Ann. 1439, 22 South. 641.

The lower court had, and this court now

has, no knowledge of the exact legal situation. The record was not in a condition to have authorized the lower court to pronounce a final judgment in favor of either party, nor is this court now in position to do so. The judgment appealed from is substantially one of nonsuit, though the reasons which controlled the dismissal may not have been want of evidence, but defects of form. We think the best way of disposing of the present case, in the interest of justice, is to affirm the judgment appealed from, construing it as one of nonsuit. So construing it, the judgment is affirmed.