BREAUX, C. J.
The ease is before us on appeal from a judgment dismissing the suit ,on the ground pleaded; that plaintiff has no ground of action.
The suit was instituted to the end of annulling a judgment of partition and setting aside proceedings in partition.
The facts of the case are: That Dominique Verges departed this life testate in the year 1887.
His will was probated in 1888.
He left a piece of real estate and 50 shares of stock of the New Orleans Gaslight Company to be divided in equal parts among six iegatees, five residing in France, and one, Marie Verges, wife of David Klein, an absentee.
They went into possession under a judgment of the civil district court for the city.
When the suit for a partition was brought the late Mrs. Klein, one of the heirs, was dead. Plaintiff is her sole heir. Mrs. Klein, the mother, had been a resident of Galveston, Tex., to the date of her death, and plaintiff, Mrs. Tell, the daughter, was a resident of the same place.
Mr. Jerome Meunier, an attorney at law, was appointed to represent the alleged absent defendant (in the partition proceedings assailed), the said Marie Verges (Mrs. Klein), who had departed this life.
Mr. G. Tujaque, who was absentee’s agent to accept the legacy, wrote to and addressed his letter to Mrs. Klein at Galveston, as stated by him as- a witness in the partition proceedings. He'received no answer. He did not know where she was.
This suit by Mrs. Tell, plaintiff, was filed over a year after the judgment for a partition had been rendered, and the real estate and shares of the gas stock sold to third persons at public auction. The stock was transferred, and the title to the property was delivered to the buyer.
She prays to be decreed the owner of an undivided one-quarter of the property mentioned in the inventory of Dominique Verges, referred to as having been bequeathed to Marie Verges, the wife of David Klein, and, in the alternative:
“If it be proved that the said Marie Verges left by will property of which she died possessed to any other person, that, in that event, your petitioner be decreed to be her forced heir, and as such entitled to one-third of the said one-fourth of said succession, and the said judgment decreeing a sale of said property of February 8, 1905, be decreed null and void.”
The petitioner must have had some cause to think that her mother had left a will, and that in that event her share by the terms of the will was one-third; hence the prayer in the alternative.
Joseph C. Boylan, in possession of the land, and the gas company, were cited as defendants.
We find no difficulty in holding:
An absentee who is a joint owner of real *1043 property may be made a party in partition of tbe property by substituted service.
The curator ad hoe represented the absentee. This does not directly give rise to the controversy here.
Plaintiff seeks to treat the judgment and the sale in these partition proceedings as absolute nullities on the ground that the absentee was dead at the date that the judgment was rendered and the sale made.
Partition proceedings are in rein. Laughlin v. Ice Company, 35 La. Ann. 1184 ; Wunstel v. Landry, 39 La. Ann. 312, 1 South. 893.
The decisions of the federal Supreme Court are cited in support of plaintiff’s contention that the substituted service was void.
The leading case is Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565.
The proceedings in the just cited case were in personam, and for that reason the decision is not pertinent.
The other decisions cited are equally in personam, in great part at least.
Proceedings for a partition are special under the laws of this state,.and jurisprudence must necessarily be of that character.
The curator represents the absentee as relates to the real estate as fully as if he were a general curator.
In the first article of the Code of Practice on the subject, provision is made for the appointment of a general curator, and in the article following a special curator is intrusted with similar functions to the extent that he is a special curator. Code Prac. Arts. 963, 964.
The Civil Code contains similar provisions to the end that the absentee be represented on his return or on his claiming the property, or, in the event of his never returning, because of his death or for any other cause. Rev. Civ. Code, art. 47.
The curator continues to represent the property after the death of the absent owner until the heir asks to be placed in provisional possession contradictorily with the curator. The will also is probated contradictorily with the curator. Civ. Code, art. 62. The dissolution of the community also is contradictorily with him, if there is such a community. Civ. Code, arts. 65, 68, 72, 73.
The curators may bring an action in their own names without having to mention the names of the heirs they represent because it is often uncertain whether such heirs exist and their names are generally unknown.
The word “absentee” has a broad meaning. One of the meanings is according to 1 Toul-lier, p. 247, No. 381:
“Those of whom little or nothing may be known. They may be dead.”
The special curator, having the same authority as the general curator under the articles cited, represents the absentee’s interests in property, although his principal, the absentee, is dead.
We considered for a moment the practical effect of partition proceedings.
The property is sold at public auction. The proceedings are regular. No one knows that the absentee is dead. An innocent third person buys the property and pays the price.
He is entitled to protection under the law which provides that he has no reason to be concerned about irregularities not apparent.
Despite this, were we to maintain plaintiff in his demand, the absentee would be privileged to consider all that has been done in his name as absolutely null.
This cannot be done. We will go one step further, and hold that, while she may claim from her coheirs her share, she has no right to the property sold to effect a partition.
This was substantially the view expressed in Crawford v. Binion, 46 La. Ann. 1261, 15 South. 693; Hansell v. Hansell, 44 La. Ann. 549, 10 South. 941; Covas v. Bertoulin, 44 La. Ann. 683, 11 South. 143; Win v. Dickson, 15 La. Ann. 273.
If any other view were taken, it would *1045 become- necessary in partition proceedings to prove that the absentee is not dead.
In a decision of this court rendered years ago, the court of probates appointed a curator ad hoe. Suit for a partition was brought contradictorily with him. The property was sold. The sale was attacked on the ground that the necessary parties were not before the court in the partition proceedings. The court held that the proceedings were not absolutely null, maintained the plea of prescription, a decision that could not have been rendered if some effect had not been given to the appointment, although the curator ad hoc was not appointed to represent one branch of the absent heirs eo nomine.
We agree with our learned Brother of the district court in the following from his thoroughly prepared opinion, copied by ap-pellee in his brief:
“Plaintiff has no right to claim the property which was sold to effect a partition”— citing Rev. Civ. Code, art. 56; Code Prae. art. Ill; Rev. Civ. Code, arts. 75, 76, 77, 1315, 1399; Crawford v. Binion, 46 La. Ann. 1261, 15 South. 693; Hansell v. Hansell, 44 La. Ann. 549, 10 South. 941; Covas v. Bertoulin, 44 La. Ann. 683, 11 South, 143; Win v. Dickson, 15 La. Ann. 273—and in the further statement, in substance, she may have the right of an action against her coheirs.
The French commentator has expressed similar opinions. There is a corresponding article in our Code to article 840 of the French Code. See 10 Laurent, p. 280, verbis “Du Partage.”
It is to the interest of the- state that property be owned by those who take a sufficient interest to look after it themselves or appoint agents to represent them.
For any owner to remain indifferent while property is of little value, allow it to pass into other hands in partition proceedings, and, after it is discovered that.it has enhanced in value, sue for the property as if no disposition whatever had been made of it, ignoring the price that has been paid for it, are not entirely right things to do.
The heir and Joint owner knows, or should be held to know, that his coheir or joint owner has a right to a partition and that the state can enact laws the effect of which will require owners to pay some little attention to their property within her limits.
As relates to the. gas stock sold at the sale for a partition, .the gas company, made defendant, and from whom plaintiff asks delivery and restitution of this stock, is not the owner; therefore cannot be condemned as if it were the owner.
For reasons assigned, the judgment of the district court is affirmed.
See dissenting opinion of LAND, J., 48 South. 450.