Emile M. Doll, plaintiff-appellee, acquired from the State of Louisiana two lots of ground, in Square No. 1308, Third District of the City of New Orleans. The State had acquired the property at a tax sale made in the name of Mrs. R. G. Dearie, the tax debtor. The sale to Doll was made pursuant to the provisions of Act No. 237 of 1924, as amended. Doll instituted suit against the four heirs of Mrs. Dearie seeking to have his tax title quieted.
One of the defendants filed in the court below a letter which the court construed to be an answer. Thereupon Doll submitted by rule the question of his right to a judgment on the petition and answer (which proceeding is authorized by Act No. 157 of 1912, as amended), and obtained judgment as prayed for, with costs, from which the defendants have prosecuted this devolutive appeal.
Doll now moves to dismiss the appeal upon the ground that the Dearies, after the appeal was perfected, collected from the Treasury Department of the State of Louisiana, under the provisions of Section 7 of Act No. 237 of 1924, as amended, the sum of $426.91, that amount being the surplus proceeds of the sale made by the State to Doll. It is Doll's contention that in receiving the funds the defendants acquiesced in the judgment.
Appellants have answered the motion for dismissal, alleging that they do not question the validity of the title acquired by Doll from the State; their position is that the proceeding instituted by Doll to quiet the tax title was unauthorized by law, and that the judgment is without any legal foundation whatever.
Appellants cite Doll v. Meyer, 214 La. 444, 38 So.2d 69, 72, wherein the Supreme Court considered an identical situation and, on rehearing, said: "* * * The judgment of the lower court purporting to quiet the title is of no effect because it is not authorized by law."
If it be true, as alleged by Doll, that the Dearies collected the surplus remaining from the State's sale of the property, that, we think, can only be construed as an acquiescence in the sale made by the State to Doll, and not as an acquiescence in Doll's judgment against the Dearies quieting the tax title by which the State acquired, which judgment the defendants contend is without legal foundation and of no legal effect. In passing on a motion to dismiss, the appellate court should not trench on the merits of the case, and of course, therefore, we do not decide whether Doll's proceeding was authorized or what legal force reposes in the judgment.
It is universally established that the right of appeal should always be entertained with favor, and that an appeal will be dismissed only where the appellee shows himself clearly entitled to that relief. In cases of doubt, the interpretation will be liberally in favor of the appellant.
We believe that appellants should be heard on their appeal, and, therefore, the motion to dismiss is denied.
Motion denied. *Page 642