This is an action to quiet title to two certain pieces of real estate which plaintiffs allege that one of them (Mrs. Una Claire Durel Fried) bought from the State of Louisiana on May 27th, 1944, and which they also allege had been previously adjudicated to the State of Louisiana for unpaid taxes. One of the said parcels, numbered 43, with which we are not concerned, had previously been owned by Liberty Realty and Securities, Inc., and the other parcel, numbered 44, had previously been owned by and assessed in the name of S. V. Edmiston. This parcel of land is described as follows: "A certain portion of ground and improvements thereon in the Third District of the City of New Orleans, in Square bounded by Crete, Rear Line, Gerson Avenue and Henry Streets, designated as lot No. 44 in Square No. 4 (P.H.); said lot No. 44 measures 32 feet front on Henry Street by depths of 100 feet; said property adjudicated to the State on November 7, 1931, for unpaid taxes of 1930, in the name of Liberty R. S. Co."
The allegation was made that Edmiston was an absentee and unrepresented and that no curator had been appointed to represent him and that, therefore, it was necessary that a curator ad hoc be appointed. A curator ad hoc was appointed. *Page 490 
The suit was originally filed as a proceeding authorized by Act 106 of 1934, but while it was pending in the Civil District Court for the Parish of Orleans, the Supreme Court of Louisiana, in Doll v. Meyer, 214 La. 444, 38 So.2d 69, held that the statute may not be availed of to quiet title to real estate which, having been adjudicated to the State, has been sold by the State to a private owner.
When that decision was rendered plaintiffs, by supplemental petition, alleged that the proceeding was authorized by and that they desired to proceed under authority of Act 38 of 1908. They also alleged that a curator ad hoc had already been appointed in accordance with the original petition, and they prayed that the supplemental petition be served on the said curator ad hoc. Mr. S. Roccaforte was appointed curator ad hoc, and he filed answer commendably raising every possible controvertible issue.
All of these issues have been thoroughly discussed in a written opinion of the Honorable Louis H. Yarrut, Judge of Division "C" of the Civil District Court for the Parish of Orleans, who rendered judgment in favor of plaintiffs, confirming the title of Mrs. Una Claire Durel Fried to the property in question. From this judgment the curator ad hoc has appealed.
We are so thoroughly convinced of the soundness of the views which the district judge has set forth that we have decided to adopt them as our own. We could not add to them and any attempt to do so might detract from them. These reasons now follow.
"This is a proceeding in rem and not in personam. A proceeding to quiet a tax title is one in personam against the former proprietors who have been cited, but where they are unknown and are represented by a curator ad hoc, as is the case here, a judgment can have no legal effect beyond the confirmation of the tax sale so made. Roussel et al. v. Railways Realty Co. et al., 132 La. 379 [61 So. 409, 833]. When first filed, this was a proceeding to confirm a tax title under Act 106 of 1934.
"Under the provisions of Act 237 of 1924 (as amended), Mrs. Fried, on May 27, 1944, bought from the State a portion of ground made up of two adjoining parcels (previously acquired by the State for delinquent taxes), namely, Parcel Pt. 43 and Lot No. 44, in Square No. 4, Park Heights Subdivision, New Orleans. Parcel Pt. 43 measures fourteen feet front on Henry Street and was adjudicated to the State in the name of Samuel V. Edmiston for the 1929 taxes; Lot No. 44 has been adjudicated to the State for the 1930 taxes in the name of Liberty Realty and Securities Company.
"The two former owners were cited as defendants, the Liberty Realty and Securities Company by service on its Vice-President, W. H. Talbot; and Samuel V. Edmiston, an absentee, through Salvador Roccaforte, an attorney at law, appointed by the Court.
"Judgment recognizing Mrs. Fried as owner of Lot No. 44 went by default against the Liberty Realty and Securities Company.
"While the matter was pending against the absentee, Edmiston, the Supreme Court, on November 8, 1948 (Doll v. Meyer [214 La. 444], 38 So.2d 69), decided that Act 106 of 1934 was inoperative for the confirmation of a tax title emanating from the State.
"In view of the above decision of our Supreme Court, a supplemental and amended petition was filed, in which plaintiff enlarged the averments of her original petition, by setting forth that the property in question (Parcel Pt. 43) was vacant and that defendant, Edmiston, is an absentee, and that the validity of her title should be established under Act 38 of 1908 as against any claims or pretensions of the absentee former owner Edmiston, represented by a curator ad hoc. The curator ad hoc filed an exception of no right or cause of action, and with full reservation of said exceptions, filed an answer denying all allegations.
"The issues presented to the Court are:
"(1) Is defendant Edmiston properly represented by the curator ad hoc;
"(2) Is plaintiff entitled to a judgment recognizing her as owner, if the allegations of her original and supplemental petitions are proved? *Page 491 
"I hold that the defendant, Edmiston, is an absentee, since no one has been appointed to administer his affairs, and he has no agent in this State to represent him. The Sheriff's return shows that he cannot be found.
"An action to establish a tax title to real estate, under Act 38 of 1908, is not new in our jurisprudence. Davidson v. McDonald, 131 La. 1047, 60 So. 679, is a case in point; incidentally it involved the validity of a tax title. See also Settoon v. Sharp [La. App.], 19 So.2d 342; Saucier v. [E.] Sondheimer Co., 212 La. 490, 32 So.2d 900; Veltin v. Haas,207 La. 650, 21 So.2d 862; Wooley et al. v. Louisiana Central Lumber Co. et al., 204 La. 801, 16 So.2d 360. The pertinent part of Act 38 of 1908 reads: '* * * in all cases where two or more persons lay claim to land by recorded title and where neither of said claimants are in the actual possession of the land so claimed; either of the claimants may bring suit against one or all the adverse claimants, and for that purpose may join one or more adverse claimants in the same suit as defendants, to have the titles to the land adjudicated upon by the court having jurisdiction of the property, * * * and this action shall be known as the action to establish title to real estate, and the judge shall decide which of the claimants are the owners of the land in dispute, * * *.'
"Mrs. Fried claims and proves ownership of parcel Pt. 43, based on a patent from the State. The defendant, Edmiston, as alleged and proved, has a recorded title to said parcel, having purchased said property in 1926, which was sold to the State for taxes. Further, it is alleged and proved that neither the plaintiff, Mrs. Fried, nor the absentee defendant, Edmiston, is in possession of said parcel Pt. 43. 'The plaintiff's petition clearly discloses that this is a suit to try title to property under the provisions of Act No. 38 of 1908 and under the provisions of this act, in order to state a cause of action, it must be alleged that the plaintiff and defendant, neither of whom is in possession of the land, both claim the land by record title. The very object of the suit is to determine which of these titles is superior. * * *' City of New Orleans v. Westwego Canal Terminal Co., 206 La. 450, 19 So.2d 201, 202.
"Act 38 of 1908 applies to all titles without regard to their origin, tax titles or not. I hold this proceeding is properly brought under Act 38 of 1908.
"The next question is whether, in such a suit, the defendant, an absentee, whose whereabouts and existence are unknown, can be validly represented by a curator ad hoc.
"The general rule with reference to suing absentee defendants through service on a curator ad hoc appointed by the Judge is stated in Art. 116, Code of Practice as amended: 'If the minor against whom one intends to institute a suit has no tutor, the plaintiff must demand that an attorney at law be appointed to defend the suit. The same course shall be pursued if the person intended to be sued be absent and not represented in the State * * * or, in * * * any other suits in which an absentee may be represented by an attorney at law appointed to defend the suit, if it be made to appear by affidavit that the residence of the defendant is out of the State or unknown to plaintiff. * * *' See, also, Code of Practice Arts. 963 and 964, referred to later in these Reasons for Judgment.
"The averments of plaintiff's petition to show the absence of the defendant, Edmiston, were carefully made (Art. 12): 'It is notorious in the City of New Orleans, that Samuel V. Edmiston disappeared many years ago, has never since that time been heard from, and that his whereabouts, if he be alive, are unknown. Likewise, that his heirs and their residence, if said Samuel V. Edmiston be dead, are unknown. That petitioner, despite diligent search, investigation and inquiry, has been unable to locate said former owner or any of his heirs or their residence.'
"In her supplemental petition, Paragraphs 2 and 3, plaintiff further avers:
"'The residence, domicile and whereabouts of Samuel V. Edmiston are unknown to petitioners.'
"'No curator of absentees (under the Civil Code) has ever been appointed for the administration of any property or estate *Page 492 
of said absentee, and he has no known agent to take care of his property, or to represent him, in this State, and no agent to defend for his account or in his name any suits which may be brought against him.'
"These averments meet squarely the requirements of our law for the impleading an absentee defendant by the appointment of a curator ad hoc. Not only do they present a case under the general provisions of the Code of Practice, but they conform to the requirements of the Civil Code (R.C.C. Art. 56), that an absentee to whom no general curator has been appointed for the administration of the absentee's affairs and property (R.C.C. Arts. 47 to 79), shall be represented, in the defense of any suit instituted against him, by a curator ad hoc (R.C.C. Art. 56).
"Revised Civil Code, Art. 47 reads: 'When a person possessed of either movable or immovable property within this State, shall be absent, or shall reside out of the State, * * * then and in that case, the judge of the place where that estate is situated, shall appoint a curator to administer the same.'
"Revised Civil Code Art. 51 reads: 'So long as this curatorship continues, all suits in which the absentee is interested, shall be prosecuted by or against the curator.'
"Revised Civil Code, Art. 56 reads: 'If a suit be instituted against an absentee who has no known agent in the State, or for the administration of whose property no curator has been appointed, the judge, before whom the suit is pending, shall appoint a curator ad hoc to defend the absentee in the suit.'
"The Code of Practice also provides for the appointment of general curators to absentees (Art. 963), but when no general curator has been appointed, any person having a claim against the absentee can ask, as has been done in the present case, for the appointment of a curator ad hoc (Art. 964).
"Code of Practice Art. 963 reads: 'Curators must be appointed to represent persons absent from the State, who have property in the State, and are unrepresented therein. Such appointment shall be made by the judge of probate of the place where the property lies. * * *'
"Code of Practice Art. 964 reads: 'The above provisions (for the appointment of a general curator) shall not be so construed as to prevent persons having claims against * * * a person absent, pursuing the same previous to * * * a curator having been appointed as above prescribed; but in such cases, the person claiming must in his petition, pray the court to which it is addressed to appoint a * * * curator "ad hoc" to defend the * * * absent person in the action.' (Writer's brackets.)
"In Inter City Express Lines v. Guarisco, Court of Appeals, First Circuit, 165 So. 727, [731], the Court referring to Derepas v. Shallus, 15 La. 371, 373 said: '* * * A curator ad hoc was appointed to the defendant, under article 57 (now art. 56) of the Louisiana Code, which provides for such an appointment when the person to be sued has no agent or representative in the state; service of citation has been regularly made on this curator. It has more than once been held that, under our laws, such a proceeding is binding on the absentee. Louisiana Code article 57 (now 56); Code of Practice, article 116; Zacharie v. Blandin, 4 La. 154; George v. Fitzgerald, 12 La. (604) 606.'
"See also Jackson et al. v. Brewster et al., Court of Appeal, First Circuit, 169 So. 166.
"Butler v. Washington, 45 La. Ann. 279 [12 So. 356, 357, 19 L.R.A. 814]:
"'"If the absentee leaves his property without an administrator or agent; * * * in furtherance of justice, the law authorizes a curator to be appointed to represent him. There is something on which the jurisdiction of the court is based, and the judgment rendered would be within the recognized and ordinary prerogatives of the judicial power."
* * * * * *
"'"If, indeed, a nonresident can not be brought into a court of this state in such a case, such a cause of complaint as that propounded by the plaintiff, though well grounded in our law, would be practically remediless."'
"The likelihood that the absentee defendant may be deceased at this time so *Page 493 
that the proceedings are, in effect, prosecuted against his successors or heirs, presents no problem. Our Codes do not specially provide that the heirs of an absentee defendant, who is in fact deceased, will be brought into Court through the curator ad hoc who represents said absentee. In Butler v. Washington, 45 La. Ann. 279 [12 So. 356, 357, 19 L.R.A. 814], it was held: '"* * * such a cause of complaint as that propounded by the plaintiff, though well grounded in our law, would be practically remediless," * * *' if the heirs of the absentee were not found. For, if it was necessary to prove the existence or continued life of an absentee not heard of for many years and whose whereabouts are unknown, the process of the Courts would be frustrated and justice thwarted in numerous instances.
"See Citizens' Bank v. Marr, 111 La. 601, 35 So. 780; Siegel v. Helis, 186 La. 506, 172 So. 768.
"In Tell v. Senac, 122 La. 1040, 48 So. 448, a judgment was rendered in a partition suit involving several heirs, one of whom was a Mrs. Klein, an absentee, alleged to reside in Galveston, Texas. She was represented in the action by a curator ad hoc. But, as it subsequently developed, Mrs. Klein had died before the partition suit was filed. A year after the partition auction sale, Mrs. Klein's daughter and sole heir filed suit to annul the partition judgment. The Supreme Court, in denying and dismissing this suit, said:
"'An absentee who is a joint owner of real property may be made a party in partition of the property by substituted service.
"'The curator ad hoc represented the absentee. * * *
"'Plaintiff seeks to treat the judgment and the sale in these partition proceedings as absolute nullities on the ground that the absentee was dead at the date that the judgment was rendered and the sale made.
"'Partition proceedings are in rem. Laughlin v. [Louisiana and N. O.] Ice Company, 35 La. Ann. 1184; Wunstel v. Landry, 39 La. Ann. 312, 1 So. 893.
* * * * * *
"'The curator represents the absentee as relates to the real estate as fully as if he were a general curator.
"'In the first article of the Code of Practice on the subject, provision is made for the appointment of a general curator, and in the article following a special curator is intrusted with similar functions to the extent that he is a special curator. Code Prac. Arts. 963, 964.
"'The Civil Code contains similar provisions to the end that the absentee be represented on his return or on his claiming the property, or, in the event of his never returning, because of his death or for any other cause. Rev.Civ. Code, art. 47.
* * * * * *
"'The curators may bring an action in their own names without having to mention the names of the heirs they represent because it is often uncertain whether such heirs exist and their names are generally unknown.
"'The word "absentee" has a broad meaning. One of the meanings is, according to 1 Toullier, p. 247, No. 381: "Those of whom little or nothing may be known. They may be dead."
"'The special curator, having the same authority as the general curator under the articles cited, represents the absentee's interest in property, although his principal, the absentee, is dead.'
"The point is well stated in the syllabus in the above case (Tell v. Senac, 122 La. 1040, 48 So. 448). This syllabus, prepared by the Court is as follows: 'In partition proceedings, the curator ad hoc has the authority of a general curator. He represents the absentee if alive, and represents the interest of the absentee in the property if he has departed this life.'
"In Lotz v. Iberville Bank Trust Co., 176 La. 579,146 So. 155 [158], it was held, in a foreclosure of mortgage, that the proceeding prosecuted against the absentee mortgagor represented by a curator ad hoc, was valid, although at the time of the action, the mortgagor was dead. The court said: 'It was never intended that the creditor should, before proceeding, ascertain whether the mortgagor be still living for this he might never be able to do. Under the Code when the debtor is absent or cannot be found, the creditor is authorized to proceed as though his debtor were alive, *Page 494 
and if he complies with the codal provisions, the foreclosure is valid even though it subsequently develops that the mortgagor is dead. The attorney appointed under article 737 of the Code of Practice represents the absent mortgagor if living and his heirs if he be dead. If this were not true, such securities would be less attractive and less valuable, * * * and the stability of titles made under foreclosure proceedings would be destroyed.'
"And the Supreme Court in this Lotz-Iberville Bank case (176 La. 579, 146 So. 155), affirming Tell v. Senac (122 La. 1040, 48 So. 448) held that '* * * the curator ad hoc represents the absentee if alive, and represents the interest of the absentee in the property if he has departed this life.'
"Prior to the Supreme Court's ruling in Doll v. Meyer, supra, I would say that tax titles could be quieted in any one of the following ways, even those emanating from the State:
"(a) Under Act 106 of 1934.
"(b) Under Act 38 of 1908.
"(c) Monition proceedings (Dart's Code of Practice, 725.42 et seq.)
"In quieting tax sales emanating from the State and made in pursuance of Act 237 of 1924, we must eliminate Act 106 of 1934 as an available procedure by virtue of Doll v. Meyer.
"Beginning with the Constitution of 1898 thru 1921, the Legislature was mandated to provide, 'The manner of notice and form of proceeding to quiet tax titles.'
"Until Doll v. Meyer, I am sure that title examiners generally accepted the statutes above cited as the Legislature's response to the Constitutional mandate.
"Since Act 106 of 1934 is no longer available, proceedings to quiet tax titles emanating from the State must be brought under other provisions of law, otherwise the Legislature, these many years, must be held not to have complied with the mandate of the Constitution; and those who purchase tax titles from the State are without remedy to quiet their titles where the former owner and tax debtor is an absentee.
"Let us see where this leads: One who purchases a tax title under Art. 10, Section 11, of the Constitution of 1921 and who pays only taxes due with interest and penalties even though for less than the entire property, may have access to the courts for all purposes even to the appointment of a curator ad hoc to represent the absentee tax debtor and former owner. On the other hand, one who purchases from the State in open competition with the world at a public sale and who pays the fair market price for it, is denied access to our courts if the tax debtor and former owner is an absentee, and for whom no curator ad hoc may be appointed.
"Act 73 of 1914 authorizes suit against the State to set aside invalid sales made to the State for unpaid taxes. The tax debtor and former owner (absent defendant) or his heirs could have availed themselves of this proceeding and urged its invalidity for the cause set out in Constitutional Art. 10, Section 11.
"To say that one has a right without a remedy would be equivalent to blotting out Section 6 of Art. 1 of our State Constitution which guarantees: 'All courts shall be open, and every person for injury done him in his rights, lands, goods, person or reputation shall have adequate remedy by due process of law and justice administered without denial, partiality or unreasonable delay.'
"I doubt that the Legislature could enact a law specifically prohibiting the appointment of a curator ad hoc in this or any appropriate case without doing violence to the foregoing constitutional guarantee. A fortiori, when it is only contended that the Legislature has done nothing.
"To hold that a curator ad hoc cannot be appointed in a case like this would militate against the State disposing of property adjudicated to it for delinquent taxes and would necessarily endanger the public fisc.
"Accordingly, I must hold that this suit was properly brought under Act 38 of 1908, and that the absentee defendant is properly represented herein by a curator ad hoc.
"Let judgment be entered for plaintiff."
The record shows that the taxes for the year for which the property was adjudicated to the State were not paid and that plaintiffs have paid to the State the amount for which it has now been transferred by *Page 495 
the State to Mrs. Fried. Because of these facts and, for the reasons given, the judgment appealed from is affirmed.
Affirmed.