Plaintiff-appellee, Emile M. Doll, seeks by this suit to have his title to two lots of ground in New Orleans quieted under the provisions of Act No. 106 of 1934. The property had been acquired by the State of Louisiana for delinquent taxes on an assessment to Mrs. R. G. Dearie. Doll successfully bid in the property at a public auction held in accordance with the provisions of Act No. 237 of 1924, as amended. This suit is directed against the four children and heirs of Mrs. Dearie, who is now deceased.
The four Dearies were served with citation; one of them sent to the court below a letter which the Clerk of Court filed in the record. The writer of the letter, purporting to act for himself and also for his codefendants, admitted therein defendants' status as heirs of Mrs. Dearie, and also admitted that the property had been adjudicated to the State for delinquent taxes for the year 1938. The letter then complained that the paving charges which the City of New Orleans had assessed against the property amounted to more than the value of the property. The letter further recited that: "* * * we can think of no reasonable excuse or reason whatever, whereby Mr. Doll should or, could take clear title to these afore-mentioned lots other than, by paying in full the total amount of lien in principal, accrued and delinquent interest and, ask that this procedure be dictated to in justice to each of us."
The letter was construed by the court below to be defendants' answer, and upon Doll's submission to the court by rule the question of his right to a judgment on the face of the pleadings, he recovered judgment as prayed for, from which the defendants have prosecuted this devolutive appeal.
We find it unnecessary to determine whether the letter constituted an answer and whether it was sufficient to serve as a basis for the judgment, which points are raised by the appellants, because, for the purposes of this opinion we shall deem the document to be the answer of defendants, which is a view most favorable to appellee.
In this court, appellants have excepted to the petition upon the grounds that it discloses no cause or right of action. The argument advanced in support of the exception is that there is neither legal foundation for plaintiff's action, nor legal basis for the judgment. Counsel cites the recently decided case of Doll v. Meyer, 214 La. 444, 38 So.2d 69, 72, wherein the Supreme Court held that Act No. 106 of 1934 has reference to tax sales made to persons other than the State, and not to adjudications made to the State for want of a bidder at the tax sale. On rehearing, the Court said: "The confirmation suit was brought under the provisions of Act No. 106 of 1934, which is designed to quiet tax titles in accordance with Section 11 of Article 10 of the Constitution of 1921. We pointed out in the case of Police Jury of Parish of Jefferson Davis v. Grace,182 La. 64, 161 So. 22, that the context of Article 10, Section 11 of the Constitution contains no reference to or provisions for sales or adjudications to the State and that this section of the Constitution has reference only to tax sales to third persons. We have again reviewed this section of the Constitution and are firmly convinced that it has reference only to what is properly termed tax sales, i. e., tax sales to persons other than the State. Act No. 106 of 1934 is designed to quiet tax titles in accordance with this section of the Constitution and its context leaves no doubt that it refers to tax sales properly and not to adjudications made to the State for want of a bidder. The judgment of the lower court purporting to quiet the title is of no effect because it is not authorized by law."
Counsel for Doll insists that the cited case is distinguishable from the instant one, in that in Doll v. Meyer the tax debtor was *Page 86 
an absentee represented by a curator ad hoc, appointed by the court, who was unable, under the law, to waive any rights of the absentee. They point out that the Dearie heirs, who were personally cited to appear and make answer to plaintiff's demands, did file an answer to the suit, which had the effect of waiving their right of objecting that the proceeding was not warranted by the act of 1934. It is argued that such objection should have been made in limine in the lower court, and that the answer, which admitted the substantial allegations of the petition, and posed a special defense for adjudication, effectively destroyed defendants' right to complain of any informality or impropriety in the manner in which the suit was brought.
This contention can with little difficulty be disposed of. We are here dealing not with mere irregularities or formal defects in the action, but rather with the question whether there is any substantive legal basis or foundation whatever for the proceeding sufficient to support the judgment which is before us for review. In Doll v. Meyer, supra, it was held in clear and unequivocal language that Act No. 106 of 1934 cannot be invoked for the quieting of a tax sale made to the State of Louisiana, and unless such procedure is authorized by some other provision of the law, we shall be constrained to maintain defendants' exception.
Counsel advance the further argument that even if the tax title cannot be quieted under the provisions of Act No. 106 of 1934, nevertheless Doll's proceeding, including the answer of the defendants, is a valid action to establish title to the property, and that complete legal force reposes in the judgment, which was authorized under Doll's prayer for general relief.
We know of no statute, and our attention has been directed to none, other than Act No. 106 of 1934, which specifically provides for the quieting of tax titles. The case of Fried v. Edmiston, 40 So.2d 489, 491, recently decided by this court, was originally filed as a proceeding authorized by Act No. 106 of 1934, but while it was pending in the trial court, the Supreme Court decided Doll v. Meyer. When that decision was rendered, Mrs. Fried, by supplemental petition, alleged that the proceeding was authorized by Act No. 38 of 1908, and that she desired to proceed thereunder. The pertinent portion of the act reads as follows: "* * * in all cases where two or more persons lay claim to land by recorded title and where neither of said claimants are in the actual possession of the land so claimed; either of the claimants may bring suit against one or all the adverse claimants, and for that purpose may join one or more adverse claimants in the same suit as defendants, to have the titles to the land adjudicated upon by the court having jurisdiction of the property, * * * and this action shall be known as the action to establish title to real estate, and the judge shall decide which of the claimants are the owners of the land in dispute * * *."
We hold that the suit having been properly brought under Act No. 38 of 1908, the plaintiff was entitled to be recognized as, owner of the property under the provisions of said act, which applies to all titles, without regard to their origin and whether they are tax titles or not. We said: "An action to establish a tax title to real estate, under Act No. 38 of 1908, is not new in our jurisprudence. Davidson v. McDonald,131 La. 1047, 60 So. 679, is a case in point; incidentally it involved the validity of a tax title. See also Settoon v. Sharp, La. App., 19 So.2d 342; Saucier v. E. Sondheimer Co., 212 La. 490,32 So.2d 900; Veltin v. Haas, 207 La. 650, 21 So.2d 862; Wooley v. Louisiana Central Lumber Co., et al., 204 La. 801,16 So.2d 360."
It seems to us that in a proceeding instituted under the 1908 statute, it is sacramental that it be alleged and proved that neither of the parties to the proceeding is in actual possession of the land claimed. Such allegation was made, and such proof was adduced, in the Fried v. Edmiston case, and for that reason we adjudicated the matter squarely on the basis of the 1908 statute, the allegations of the supplemental petition having converted the action from one to quiet a tax title under the provisions of Act No. 106 of 1934, to a suit to establish title to real estate where none of the parties is in the actual possession of the same under Act No. 38 of 1908. *Page 87 
But in the instant case, the petition is absolutely devoid of allegations necessary to authorize a judgment under the 1908 statute. It is true that under a prayer for general relief, suited to the nature and justice of the case, the court, to avoid a circuity of action, may render such judgment as would be given in a new suit, although plaintiff did not specifically pray for such relief, provided the allegations of the petition covered it.
If the judgment is to be affirmed on the theory that Doll's prayer for general relief entitles him to an establishment or recognition of the tax title under Act No. 38 of 1908, it would be tantamount to permitting Doll to have a judgment on a cause of action not stated in his petition, and not sustained by competent evidence.
Code of Practice, article 172, provides: "* * * 4. The petition must contain a clear and concise statement of the object of the demand, as well as of the nature of the title, or the cause of action on which it is founded."
The Supreme Court said in the case of Perez v. Meraux,201 La. 498, 9 So.2d 662, 676: "* * * the universal rule is, as stated in 34 C.J. 153, that 'A default admits only what is well pleaded, and therefore in order to sustain a judgment by default, plaintiff's declaration, complaint, petition, or statement, of claim, must allege with clearness and certainty sufficient facts to constitute a good cause of action or show a right to recover.' See, also, 15 Ruling Case Law 605, Section 44."
The following language was used by the Court in Simon v. Duet, 177 La. 337, 148 So. 250, 252:
"* * * If a defendant who has not seen fit to answer a suit filed against him 'should have no fear that judgment will be rendered against him on another cause of action,' most assuredly he need have no fear that a judgment will be rendered against him in a case where the petition sets out no cause of action at all. * * *
"A judgment, to be valid, must have a foundation on which to stand. That foundation is the cause of action set out in the petition. A petition which sets out no ground for relief known to the law cannot serve as a basis for a judgment "
While we are not concerned with a default judgment, the record does show that plaintiff recovered the judgment on the face of the pleadings, and that the defendants were absent and unrepresented when the rule was tried. The petition is typical of one in an action brought pursuant to the provisions of Act No. 106 of 1934, and there is nothing in the petition which should have indicated to the defendants that the court might render a judgment against them on a cause of action not stated in the petition.
Since it not alleged that the defendants are in possession, the allegations of the petition are insufficient to warrant relief as in a petitory action. Neither can the action be considered as possessory, because the plaintiff does not claim possession. And since it is not averred that none of the parties is in the actual possession of the property, the remedy provided under Act No. 38 of 1908 is not available to plaintiff. Finally, since Doll v. Meyer holds that Act No. 106 of 1934 is inapplicable, we are at a loss to know under what particular statute or provision of the law plaintiff is entitled to relief.
But, counsel argues, it does not follow that a suit should be dismissed because it does not technically fall under a definition of some statutory action, as there are innominate actions as well as innominate obligations. Counsel cites several authorities holding in effect that a person having a legal right needing judicial enforcement or judicial protection is generally entitled to a legal remedy adequate to the situation, since right and remedy are reciprocal, and to deny the remedy is to destroy the right. See Rhodes v. Miller,189 La. 288, 179 So. 430; Citizens' Bank v. Marr, 111 La. 601, 602, 35 So. 780; Allen v. Shreveport Mutual Building Ass'n.,183 La. 521, 164 So. 328.
But has plaintiff a right to have the tax title quieted, or to have a judgment recognizing him as the owner of the property? Nowhere in the petition is it alleged that the defendants claim title to the property in themselves, or that they claim that *Page 88 
plaintiff has no title, and nowhere in the answer is it intimated that defendants challenge or impugn the title of plaintiff. On the contrary, the import of the answer seems to be that defendants frankly and freely admit that plaintiff purchased the property from the State; defendants contend only that plaintiff should be compelled to pay the local improvement charges levied against the property by the City of New Orleans.
In the absence of an assertion by defendants of any claim to the property, and they not having assailed plaintiff's title, we fail to see that plaintiff has any right whatever against the defendants to have his title to the property recognized as against them. There seems to be no issue whatever in this case as to the ownership of the property.
If plaintiff did have some right for which the law does not provide a specific remedy, perhaps we could, under the cases cited by counsel for Doll and by invoking the provisions of article 21 of the Revised Civil Code, proceed and decide the case according to equity; but it is apparent that plaintiff, not being entitled to have the tax sale quieted under the provisions of Act No. 106 of 1934, has no right whatever against the defendants, and as a corollary there is no remedy to be applied to the situation. The exception filed by the defendants appears to be well taken. Peremptory exceptions founded on law may be pleaded at every stage of the action previous to definitive judgment, and the total lack of a right or cause of action may be taken advantage of even in an appellate court. Code Prac. art. 346; Roy v. Mutual Rice Co.,177 La. 883, 149 So. 508.
It is conceded that while this case was pending on appeal, the Dearie heirs collected from the State Treasurer the sum of $426.91, which was the net balance (after deduction of all taxes, interest, and costs) that remained with the State out of the purchase price paid by Doll for the property. The State Treasurer remitted this money to the defendants pursuant to the provisions of Sec. 7 of Act No. 237 of 1924, as amended, Act No. 296 of 1944, § 1. Dart's Gen.Stat. § 8486.
Counsel argues that by thus having accepted the benefits of the sale, such action of the defendants constituted a confession of judgment, and that on that ground, if on no other, the judgment should be affirmed.
We cannot at all agree with counsel. As we have already observed, the defendants have not attacked plaintiff's title, nor have they laid claim to title in themselves, and we can only reiterate what we said in denying a motion to dismiss this appeal 39 So.2d 640, 641: "If it be true, as alleged by Doll, that the Dearies collected the surplus remaining from the State's sale of the property, that, we think, can only be construed as an acquiescence in the sale made by the State to Doll, and not as an acquiescence in Doll's judgment against the Dearies quieting the tax title by which the State acquired, which judgment the defendants contend is without legal foundation and of no legal effect. * * *"
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered, adjudged, and decreed that defendants' exception of no cause or right of action be maintained, and that plaintiff's suit be dismissed at plaintiff's cost.
Reversed.