McBRIDE, Justice ad'hoc.
 

 Moore D. Saucier, plaintiff, instituted this action under the provisions of Act No. 38 of 1908, seeking to have himself declared the owner of four tracts of land situated in Avoyelles Parish. The suit is directed against E. Sondheimer Company, which claims the ownership.
 

 Upon the trial in the court below, counsel for both parties entered into a stipulation designating the four separate portions of land involved in this litigation as tracts Nos. lj 2, 3 and 4, and as to tracts Nos. 1 and 2 plaintiff’s counsel entered a non-suit, which left for the court’s consideration titles to the tracts designated as Nos. 3 and 4. They are described as follows:
 

 Tract No. 3 — EV2 of Section 24, Township 2 South, Range 5 East, containing 320 acres.
 

 Tract No. 4 — Sof Section S, Township 2 South, Range 6 East, containing 320 acres.
 

 The petition alleges that neither the plaintiff nor the defendant is in actual possession of the disputed property. Alternatively it alleges that, if it be found that the defendant has had possession of all or any portion of the land for more than-one year, the suit should be maintained as a petitory action relative to the part of the property which was so possessed.
 

 Both parties claim ownership of the property and in their respective pleadings-have set out their chains of title. The defendant also pleaded the prescription acquirendi causa of ten and thirty years.
 

 By stipulation entered in the record, the-parties agreed that commencing on March. 20, 1907, and down to the present time, E. Sondheimer Company and its authors in title have enjoyed physical possession of the two tracts now involved in the case,, which possession has been continuous, uninterrupted, public and peaceful. Thereby
 
 *248
 
 this suit became one in the nature of a petitory action.
 

 In the court below there was judgment “that the plaintiff, Moore D. Saucier take nothing by his action; that the plea of prescription filed by defendant, E. Sondheimer Company be maintained, and plaintiff’s demands be rejected and his suit dismissed at his costs.” The judgment further recognized defendant’s title to tracts Nos. 3 and 4, “and that it be quieted in its possession thereof.”
 

 Plaintiff has taken this appeal from the judgment.
 

 Tract No. 3.
 

 As to this property, plaintiff’s chain of title is:
 

 State of Louisiana to J. H. Bemis, patent, December 13, 1888; J. H. Bemis to W. D. Chew, deed, May 19, 1892; W. D. Chew to State of Louisiana, tax adjudication, July 2, 1894; for unpaid taxes of 1893; State of Louisiana to W. D. Chew, redemption deed, August 21, 1941; J. H. Chew (sole and only heir of W. D. Chew, deceased) to plaintiff, deed, December 2, 1941.
 

 Defendant sets forth its chain as follows:
 

 Mississippi Navigation Company (by tax collector of Avoyelles Parish) to A. F. Bonnette, tax deed, May 21, 1881; A. F. Bonnette to C. B. Fischer, deed without warranty, June 7, 1895; C. B. Fischer to Fischer Land and Improvement Company, deed without warranty, January 18, 1896; Fischer Land and Improvement Company to Avoyelles Land and Improvement Company, deed, November 29, 1901; Avoyelles Land and Improvement Company to W. R. Taylor, deed, March 16, 1907; W. R. Taylor to Max Sondheimer, deed, March 16, 1907; Max Sondheimer to defendant, deed, January 31, 1924.
 

 It appears that, from the time of the patent by the State of Louisiana to J. H. Bemis in 1888 down to the plaintiff’s acquisition of the property in 1941, his chain is unbroken and complete. But defendant’s chain is incomplete and lacks an important link. It does not show from whom the Mississippi Navigation Company acquired the property when it was sold at the tak sale in 1881 to A. F. Bonnette;
 

 The state did not part with the property until 1888, when the patent issued to J. H. Bemis, one of plaintiff’s authors. This patent was issued several years after the purported tax sale made to Bonnette.
 

 The defendant contends that regardless of that fact it has acquired a perfect title by one of the prescriptions which it has specially pleaded.
 

 According to the admission made by all parties, the defendant and its authors in title had corporeal and continuous possession of the property to the date of the trial. However, during most of that period (about 34 years) title to the property vested in the State of Louisiana by virtue of a tax sale for unpaid taxes for the year 1893 on an assessment to W. D. Chew.
 
 *249
 
 This tax sale was made on July 2, 1894, and it was not redeemed from the state until August 21, 1941, in the name of W. D. Chew, the tax debtor. The familiar rule is that prescription does not run against the state, unless the law provides otherwise. “Prescription shall not run against the State in any civil matter, unless otherwise provided in this Constitution or expressly by law.” Louisiana Constitution of 1921, Article 19, section 16.
 

 In 1941 this court decided the case of Ward et al. v. South Coast Corporation et al., 198 La. 433, 3 So.2d 689, 693. One of the defendants pleaded the acquisitive prescription of ten and thirty years, and contended that it and its authors in title had possessed the land since the year 1892. The court held that the title to the property had been in the state from 1903 to 1938 and that the pleas of prescription were without merit, saying:
 

 “As stated, defendant’s title to this property is based on prescription acquirendi causa, but its plea is unavailing, for the reason that the property was forfeited to the state in 1903, and the continuity of defendant’s possession was interrupted by that forfeiture. That forfeiture took place in 1903. In so far as defendant’s claim under the plea of 30 years’ prescription is concerned, its possession was interrupted long before it could have acquired the property under that plea. And, in so far as its plea of 10 years’ prescription is concerned, the fact is that, at the time it acquired the property under specific description in 1927, the forfeiture to the state in the name of Alpha was in effect and remained so until 1938, when Alpha redeemed it. Prescription does not run against the state.”
 

 The defendant in the instant case, however, contends that it is entitled to the benefits of Act No. 310 of 1936, which sustains its claim to a valid prescriptive title. This act appears never to have been heretofore judicially interpreted, and the pertinent portion of it- insofar as it may relate to this case is as follows:
 

 “
 
 * * * That in all cases where immovable property has been, or may be, adjudicated or forfeited to the State of Louisiana for non-payment of taxes and has been or is subsequently redeemed by a purchaser in good faith and by just title, or by the heirs or assigns of such purchaser, prescription shall not be interrupted or suspended during the period that title to such immovable property is vested in the State of Louisiana, * * * and in all cases where immovable property has been adjudicated to the State of Louisiana for non-payment of taxes, such property shall only be redeemed upon paying the amounts-now fixed and provided by law.”
 

 Relying upon the act, the defendant points to the actual possession of the property by it and its authors, commencing with. W. R. Taylor, who had acquired the property in 1907 from the Avoyelles Land and Improvement Company, and reminds us that
 
 *250
 
 such possession, although commenced at the time the state owned the property, has continued on down to the present date. Defendant contends that it and all of its authors are purchasers in good faith and by just title, and that it (the defendant), having redeemed the tax sale from the state in 1941, is entitled to enjoy the benefits provided in the act, i. e., “ * * * prescription shall not be interrupted or suspended during the period that title to such immovable property is vested in the State of Louisiana, * * * ”
 

 It is conceded that the defendant redeemed the tax sale from the state in 1941 and paid the full price of redemption, although the certificate of redemption was issued by the state in the name of W. D. Chew, the original tax debtor. Act No. 175 of 1934, which amends Act No. 41 of 1912, provides that any person interested personally in property which has been adjudicated to the state for unpaid taxes may redeem it and that all certificates of redemption issued under the provisions of the act shall run in the name of the tax debtor.
 

 The plaintiff contends that the benefits of Act No. 310 of 1936 can enure only to the person who had lost the property at the tax sale. We cannot agree with that construction placed upon the act by counsel. As we appreciate it, Act No. 310 of 1936 was enacted for the benefit and in the interest of a person occupying a position similar to that of the defendant. The property must be redeemed by a purchaser in good faith and by just title, or by his heirs or assigns. The term “just title” is defined by Article 3484, Revised Civil Code, as follows:
 

 “By the term
 
 just
 
 title, in cases of prescription, we do not understand that which the possessor may have derived from the true owner, for then no true prescription would be necessary, but a title which the possessor may have received from any person whom he honestly believed to be the real owner, provided the title were such as to transfer the ownership of the property.”
 

 A possessor in good faith, according to Article 3451, Revised Civil Code, “* * * is he who has just reason to believe himself the master of the thing which he possesses, although he may not be in fact; as happens to him who buys a thing which he supposes to belong to the person selling it to him, but which, in fact, belongs to another.” And, in matters pertaining to prescription, good faith is always presumed. Revised Civil Code, Article 3481.
 

 E. Sondheimer Company is a purchaser in good faith and by just title, and redeemed the property from the tax sale. We construe the act to mean that when redemption is effected by a party such as the defendant, prescription shall not be interrupted or suspended during the state’s proprietorship of the property. We conclude that defendant is entitled to invoke the ben
 
 *251
 
 efit of the act and our opinion is that its claim of ownership acquirendi causa is well founded.
 

 Tract No. 4.
 

 Both plaintiff and defendant claim that their respective titles to tract No. 4 flow from the State of Louisiana by virtue of a patent issued in 1862 to J. A. D. Tureaud, and from Tureaud to the State of Louisiana in 1885 on a tax adjudication for unpaid taxes for the years 1881 through 1884. From then on plaintiff’s chain is: J. A. D. Tureaud (by tax collector of Avoyelles Parish) to J. H. Bemis, tax deed, March 2, 1889; J. H. Bemis to W. D. Chew, deed, May 19, 1892; W. D. Chew to State of Louisiana, tax adjudication, July 2, 1894 (for unpaid taxes of 1893) ; State of Louisiana to W. D. Chew, redemption deed, August 21, 1941; J. H. Chew (sole and only heir of W. D. Chew, deceased) to plaintiff, deed, December 2, 1941. Defendant’s chain is: State of Louisiana to Red River, Atchafalaya and Bayou Boeuf Levee District, deed, May 18, 1894 (also supplementary or confirmatory deed between the same parties of date September 16, 1911); Levee District to W. R. Taylor, deed, May 22, 1907; W. R. Taylor to Max Sondheim-er, deed, June 25, 1907; Max' Sondheimer to defendant, deed, January 31, 1924.
 

 Counsel for defendant calls our attention to the case of State of Louisiana v. Cannon, Sheriff et al., 44 La.Ann. 734, 11 So. 86, which was decided in 1892. In that case, the tax sale of March 2, 1899, made by the tax collector of Avoyelles Parish to J. H. Bemis on an assessment to J. A. D. Tureaud, was attacked and was held to be null and void. Plaintiff’s counsel contend, however, that the judgment therein rendered by this court is not effective here because it described no property, was never recorded in the conveyance records of Avoyelles Parish and there is no evidence to show that the conditions stipulated in the judgment were ever complied with. Even if we should assume that the judgment is ineffectual as between the parties to the present suit, plaintiff could derive no solace therefrom. Bemis, who was the purchaser under the assailed tax deed, in 1892 sold the property to Chew, and on July 2, 1894, the property, under an assessment to the latter, was adjudicated to the State for the unpaid taxes of 1893. The state, on May 18, 1894, sold the land to the Red River, Atchafalaya and Bayou Boeuf Levee District, which is one of de^ fendant’s authors in title, and this sale was later confirmed in a supplemental deed bearing the date September 16, 1911. From the Levee District on down to the defendant, the chain of title is unbroken. It is obvious, however, that when the sale was made by the state to the Levee District the tax adjudication under the assessment to Chew had not occurred. But whatever difficulty there may have been was corrected by the supplemental deed of 1911, at which time Chew had not redeemed the property.
 

 
 *252
 
 Plaintiff’s counsel objected to the 'toiler in evidence of the deeds from the state to the Levee District, making the contention that the property under consideration was incorrectly described therein. While reference is made to this objection in counsel’s brief, it is not seriously urged and the action of the trial court in overruling it was proper. The deeds in question do describe the property as being situated in Township 2 North, Range 6 East, whereas the correct location is in Township 2 South, Range
 
 6
 
 East. But this inaccuracy is of little importance, as it was overcome by a further recitation in the deeds that “said lands having been adjudicated to the State for unpaid taxes, costs, etc., of the years 1881, 1882, 1883 and 1884 in the name of J. A. D. Tureaud on October 1, 1885, and sale recorded on June 23, 1886, and said property remains unredeemed up to the date of this instrument of conveyance.” The instrument to which reference was made contained the correct description of the land. See Lee v. Long, 166 La. 1084, 118 So. 320, and Tennent v. Caffery, 170 La. 680, 129 So. 128.
 

 We discern no defect in the chain of title asserted by defendant relating to tract No. 4, and it is our conclusion that its ownership thereof should be recognized.
 

 For the reasons assigned the judgment of the district court is affirmed at the cost of plaintiff.