KLIEBERT, Chief Judge.
We are called upon in this appeal to determine which of two families is entitled to the ownership of certain immovable property located in Jefferson Parish. Plaintiffs, the Hogan heirs,[1] appeal the trial court decision that the Mayronne heirs, defendants,[2] acquired the property by prescription of ten years acquirendi causa. For the following reasons, we affirm.
The Hogan ancestors purchased approximately 500 acres of marsh and swamp land from Louisiana Land & Exploration Company (LL & E) on July 24, 1931, which is described as follows:
A CERTAIN PORTION OF GROUND, situated in the Parish of Jefferson, in the District of Barataría, said portion of ground is designated as being Section 84 and 102 in Township 14 South, Range 23 East, containing. 504.06 acres.
The property was adjudicated to the State of Louisiana on December 30, 1934 for nonpayment of taxes due for the 1933 tax year. The property was redeemed by the Hogan heirs on October 22, 1936 by payment of the 1933 tax debt.
The property again went to a tax sale for the non-payment of taxes for the year 1938 and was purchased by the Mayronne heirs at the tax sale on September 16,1939. The Mayronne heirs went into possession of the property shortly after the sale.
Then, on June 10, 1953, the Hogan heirs again paid the taxes due for the tax year *149 1933[3] and received a redemption certificate from the state which was filed of record.
On September 29, 1955, the Hogan heirs sued the Mayronne heirs to establish ownership of the property. The matter was abandoned and the case dismissed in 1965.
The Mayronne heirs continued in possession of the property and on August 6,1980, the Hogan heirs instituted this “PETITION FOR DECLARATORY JUDGMENT, ACCOUNTING, ETC.,” again seeking to be recognized as owners of the property at issue. The actions for accounting and declaratory judgment were severed before trial and the case proceeded as a petitory action. The case was submitted on stipulated facts, a copy of which stipulation is attached as Appendix “A” (with exhibits omitted). The trial court held the May-ronne heirs were the owners. In doing so, it found the Mayronne heirs had met the requirements of Civil Code Article 3475 to establish title by acquisitive prescription. The requirements itemized in the article are as follows:
1). Possession for ten years;
2). Good faith;
3). Just title;
4). A thing susceptible of acquisition by prescription.
The Hogan heirs have appealed that judgment and argue the Mayronne heirs were in legal bad faith as the 1936 redemption by Hogan’s ancestor’s in title was null and void because the redemption statute utilized by Hogan was declared unconstitutional in 1937. Thus, they argue the May-ronne heirs were in legal bad faith and could not have just title since their title acquired in 1939 was defective. Therefore, they could not avail themselves of the prescription of ten years acquirendi causa. Furthermore, they argue because title remained vested in the state this was not a “_ thing susceptible of prescription.” Additionally, they maintain the Mayronne heirs have not proven thirty years acquisitive prescription.
The contentions advanced by the Hogan heirs have been rejected on numerous occasions by our Supreme Court and appellate courts. As stated in Eivers’ Heirs v. Rankin’s Heirs, 90 So. 419, 150 La. 4 (1922):
“[2] It is well settled that a bona fide purchaser at a tax sale, receiving a deed prima facie valid, though in fact invalid, after having actual and notorious possession of the property, in good faith, for 10 years, acquires an indefeasible title by prescription acquirendi causa. A purchaser at tax sale may, in good faith, presume that the assessor and the tax collector have performed their duties; and it is not essential to the purchaser’s good faith that he should investigate the assessment rolls or verify the recitals of the tax deed....”
See also Saucier v. Sondheimer Co., 32 So.2d 900, 212 La. 490 (1947); Wilkie v. Cox, 222 So.2d 85 (3rd Cir.1969) writs refused 223 So.2d 873, 254 La. 470 (La.1969).
Here the Mayronne ancestors were a bona fide purchaser of the property at tax sale in 1939 for non-payment of taxes for the year 1938 by the Hogan ancestors. The Mayronne acquisition was filed of record in the conveyance office of Jefferson Parish. Thus, the trial court determination that the Mayronne ancestors were in good faith and had just title is affirmed. Additionally, because the subject of this dispute is immovable property, it is susceptible of prescription of ten years acquirendi causa notwithstanding the fact that at the time of the 1939 tax sale title to the property was vested in the state due to the 1937 declaration that the redemption statute utilized by the Hogan ancestors in 1936 was unconstitutional. See Eivers’ Heirs, supra; Saucier, supra, and Wilkie, supra.
We are now left with the question of whether the Mayronne heirs have had “... continuous, uninterrupted, peaceable, public and unequivocal” possession for ten years. LSA-C.C. Article 3476.
The Mayronnes have been in possession of the marsh and swamp land since the tax sale on September 16, 1939. They granted oil and gas leases on the property in 1944 *150 for as long as minerals are produced on the property and in 1962 for five years. Both leases were recorded in the records of the Parish of Jefferson. A trapping lease was executed and recorded in Jefferson Parish with a term from May 1, 1967 through April 30, 1972. The lessee, Roland Ba-deaux, built a trainasse (canal system) throughout the property in 1967, has maintained the trainasse and trapped continuously and publicly to date. Rights of Way to Shell Pipeline Corporation were granted in 1969 and two in 1975, all recorded in the records of Jefferson Parish. ' Further, real estate taxes were paid exclusively by the Mayronne heirs from their purchase of the property at tax sale in 1939 through tax year 1953. Thereafter, it appears taxes were paid by both parties through 1989. Finally, a right of way was granted to Louisiana Power & Light Company in 1975. Louisiana Power & Light had the property surveyed and the boundaries marked in 1974.
Thus, we agree with the trial court that the Mayronne heirs have established “... continuous, uninterrupted, peaceable, public and unequivocal” possession of the property from 1939 until this attack on their ownership filed August 6, 1980.
For the foregoing reasons, the trial court judgment granting the Mayronne heirs ownership of the above described property is affirmed. All costs of this appeal are to be borne by the Hogan heirs.
AFFIRMED.
EXHIBIT “A”
24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON
STATE OF LOUISIANA
No. 242-723
Division “L”.
BETTY DUFRENE, et al.
versus
ALICE MAYRONNE, et al.
FILED: _
DEPUTY CLERK
JOINT STIPULATION OF FACTS
NOW INTO COURT, through undersigned counsel, come plaintiffs, Betty Du-frene, et al. (referred to herein as the “Hogans/Savoies”), and defendants, Mrs. Alice Mayronne, wife of Dr. John K. Moore, et al. (referred to herein as the “May-ronnes”), and jointly submit the following stipulated facts for the Court’s consideration in rendering a judgment in the captioned matter.
The parties hereto stipulate that the copies of documents identified herewith and attached hereto are true and authentic copies of that which they purport to be, and such documents are admitted as evidence in this proceeding. The parties further consent to the submission into evidence of copies of such documents in lieu of the originals.
1.
The present action involves a dispute between plaintiffs — the Hogans/Savoies, and defendants — Mayronnes, over the ownership of a piece of property described as follows:
A CERTAIN PORTION OF GROUND situated in the Parish of Jefferson, State of Louisiana, in the Barataría District, said portion of ground is designated as being Sections 85 and 102 in Township 14 South, Range 23 East, and registered in COB 91, folio 383, containing 504.86 acres.
Said property will hereinafter be referred to as “the Property.”
2.
The Property is approximately five hundred (500) acres of marsh and swamp.
3.
The property was acquired by Mr. Sidney Hogan, Mr. Octave Hogan, Mr. Joseph Hogan and Mr. Davis Savoie on July 24, 1931 from Louisiana Land & Exploration Company (“LL & E”) by cash deed. A copy of the sale is attached hereto as Exhibit No. 1. Sidney Hogan, Octave Hogan, Joseph Ho *151 gan and Davis Savoie each acquired a one-fourth (Vi) ownership interest in the property. The deed stipulates, inter alia, that the 1930 property taxes were already paid by LL & E.
4.
The property was assessed for 1933 state and parish property taxes which were not paid, and on December 20,1934, the Jefferson Parish Sheriff and Tax Collector (Frank J. Clancy) sold the property to the State of Louisiana for taxes due. A copy of the assessment and sale is attached as Exhibit No. 2.
5.
On October 22, 1936, Sidney Hogan, Octave Hogan, Joseph Hogan and Davis Sa-voie redeemed the property from the State of Louisiana by payment of property taxes due for 1933. A copy of the Certificate of Redemption is attached as Exhibit No. 3.
6.
By act dated September 16, 1939, the property was sold by the Jefferson Parish Sheriff and Tax Collector (Frank J. Clancy) to O.H. Mayronne, R.W. Mayronne, H.L. Mayronne, and G.J. Mayronne for nonpayment of 1938 taxes. A copy of the assessment and sale is attached as Exhibit No. 4.
7.
On June 10, 1953, Sidney Hogan, Octave Hogan, Joseph Hogan and Davis Savoie again redeemed the property from the State of Louisiana by payment of the property taxes due in 1933. A copy of the Certificate of Redemption is attached as Exhibit No. 5.
8.
On September 29, 1955, Sidney Hogan, Octave Hogan, Joseph Hogan and Davis Savoie filed suit against the Mayronnes in an effort to gain title to the property. A copy of the petition is attached as Exhibit No. 6. This suit was dismissed on the ground of abandonment on February 10, 1965. A copy of the Order dismissing the suit is attached as Exhibit No. 7.
9.
On August 6, 1980, the present suit was filed by the successors in interest of the Hogans/Savoies against the successors in interest of the Mayronnes.
10.
Following the tax sale by the Jefferson Parish Sheriff to the Mayronnes by act of September 16, 1939, the Mayronnes maintain that they and their successors went into and have had continuous, actual, open and peaceable possession of the property as owners.
11.
The Mayronnes and/or their successors in interest:
(a) granted an oil, gas and mineral lease on the property to G.L. Paret on December 20, 1944 for as long as minerals are produced from the property, and defendants duly recorded said lease in the records of Jefferson Parish, Louisiana, on January 18, 1944, in COB 208, folio 338. A copy of the Oil, Gas and Mineral Lease between the Mayronnes and Mr. Paret is attached as Exhibit No. 8;
(b) granted an oil, gas and mineral lease on the property to Eason Oil Company, effective December 11, 1962 for a term of five (5) years, and the defendants duly recorded said lease in the records of Jefferson Parish, Louisiana, on January 9, 1963 in Mineral Lease Book No. 23, folio 204, under Entry No. 249093. A copy of the Oil, Gas and Mineral Lease between the Mayronnes and Eason Oil Company is attached as Exhibit No. 9;
(c) executed a hunting and trapping lease on the property to Roland A. Ba-deaux, effective May 1, 1967 through April 30, 1972, and defendants duly recorded said lease in the records of Jefferson Parish, Louisiana, in COB 691, folio 143, Entry No. 448068. A copy of the Cash Trapping Lease between the May-ronnes and Mr. Badeaux is attached as Exhibit No. 10. This lease has been extended on an annual basis commencing May 1, 1972 through the present, and defendants duly recorded the lease extension in the records of Jefferson Parish, Louisiana, under Entry No. 559661. *152 A copy of the Cash Trapping Lease Extension is attached as Exhibit No. 11;
(d) granted a right-of-way over the property to Shell Pipe Line Corporation on March 21, 1969. A copy of the Right of Way is attached as Exhibit No. 12;
(e) granted a right-of-way over the property to Louisiana Land and Exploration Company on April 14, 1975, and defendants duly recorded the Right of Way Permit on May 7, 1975 in the records of Jefferson Parish, Louisiana, in COB 834, folio 837, Entry No. 676621. A copy of the Right of Way Permit is attached as Exhibit No. 13; and
(f) granted a right-of-way over the property to Louisiana Power & Light Company, effective September 1, 1975, and defendants duly recorded the permit in the records of Jefferson Parish, Louisiana, in COB 856, folio 755, Entry No. 711229. A copy of the Right of Way Permit is attached as Exhibit No. 14.
12.
From September, 1939 (the date the Jefferson Parish Sheriff sold it to them) through the present date, the Mayronnes and/or their successors have been assessed and have paid all taxes due on the Property.
13.
Copies of most of the Tax Receipts issued to the Mayronnes upon payment are attached in globo as Exhibit No. 15. For the remaining years, which the Mayronnes were unable to locate their tax receipts, Mr. James Barkate, President of Southern Abstracts, Inc., has certified that upon a review of the tax assessment rolls for Jefferson Parish, the Mayronnes have paid the taxes due on the property for those years as well. Mr. Barkate’s report is attached as Exhibit No. 16; the information in the report is supplemented by Exhibit No. 17A, infra.
14.
Beginning in 1954, the Jefferson Parish Assessor’s Office has had a “dual assessment” for taxes on the Property in the names of the Hogans/Savoies and the May-ronnes. In other words, separate property tax bills for the property were sent to both the Hogans/Savoies and the Mayronnes, each for the total tax assessed.
15..
From 1954 to the present date, the Hogans/Savoies and the Mayronnes have been assessed and have paid all taxes due on the Property. Attached as Exhibit No. 17A is a report from Alison J. Hogan, Hogan & Associates, Inc., dated August 27, 1990 compiling information from the tax assessment rolls for the Parish of Jefferson regarding assessment and payment of taxes for the Property for the period 1938 to date.
Respectfully submitted,
/s/ Barry J. Landry
BARRY J. LANDRY Bar No. 7971
Becnel, Landry & Becnel
P.O. Drawer “H”
Reserve, Louisiana 70084
Attorneys for Plaintiffs
/s/ Edward D. Wegmann
EDWARD D. WEGMANN Bar No. 13315
JOHN W. ALDERMAN Bar No. 19285
Jones, Walker, Waechter
Poitevent, Carrére & Denégre
201 St. Charles Avenue
New Orleans, Louisiana 70170
(504) 582-8000
Attorneys for Defendants

. Plaintiffs, herein referred to as the Hogan heirs, are listed in the original petition as follows:
1) Betty Dufrene, 2) Beatrice Barbier, 3) Geraldine Mahan, 4) Morris Matherne, Jr., 5) Charles Matherne, 6) Rosalie Beadle, 7) Sandra Matherne, 8) Debra Matherne, 9) Gerald W. Mahan, 10) Gerald J. Barbier, 11) Irma Hogan, 12) Roy Hogan, 13) Louella Hogan, 14) Bobby Hogan, 15) Kenneth. Hogan, 16) Albert Hogan, 17) Carroll Hogan, (18) Landry Hogan, 19) Lena Hogan Dufrene, 20) Ella Hogan Dufrene, 21) Jerry Hogan, 22) Janice Clara Hogan Dufrene, 23) Davis Savoie, 24) Alta Savoie Levron, 25)
Hazel Savoie Combs, 26) Rena Savoie Hooter, 27) Edmond Savoie, and 28) Nelson Savoie.

. Defendants, herein referred to as the May-ronne heirs, are listed in the original petition as follows:
1) Mrs. Alice Marie Mayronne Moore, 2) Mrs. Ella LeBlanc Mayronne, 3) Reuben William Mayronne, Jr., 4) Mrs. Emily Malvina May-ronne Wilson, 5) Mrs. Mary Ellen Mayronne Myers, 6) Mrs. Agatha Fisher Mayronne, 7) George Jules Mayronne, Jr., 8) Oswald Harry Mayronne, 9) Agatha Boyd Mayronne, and 10) Huey Joseph Mayronne.

. The redemption statute had been declared unconstitutional in 1937.